Robert D. **SPROUSE**, Appellant,

v.

David **BABCOCK**, Charles Harper and Ronald G. Welder, Appellees.

No. 88–1645.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1989.

Decided March 20, 1989.

James L. Spellman, Des Moines, Iowa, for appellant.

Kristin W. Ensign, Des Moines, Iowa, for appellees.

Before BOWMAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Robert Daniel Sprouse, an inmate at the Missouri State Penitentiary, appeals pro se from the District Court's order granting appellees' motion for summary judgment in Sprouse's 42 U.S.C. § 1983 (1982) action. We reverse and remand for further proceedings with respect to Sprouse's retaliation claim. We affirm the judgment of the District Court in all other respects.

On August 18, 1986, Sprouse, then a Missouri prisoner incarcerated at the Iowa State Penitentiary (ISP) pursuant to the Interstate Corrections Compact, filed an inmate grievance against his counselor, David Babcock, for responding late to two previous inmate requests. Two days later, Babcock wrote a disciplinary notice against Sprouse for making false statements in the inmate grievance. After a hearing, the disciplinary committee found Sprouse guilty of making false statements and imposed ten days of disciplinary detention, loss of sixteen days good time, the imposition of any suspended disposition and ninety days administrative segregation. The decision was upheld on appeal to the Warden by Ron Welder, Executive Assistant to the Warden.

On appeal to the central office of the Iowa Department of Corrections, the disciplinary decision was reversed because of a "technical violation of department policy concerning the grievance procedure," which prohibits a prison employee involved in an inmate grievance from participating in a disciplinary action pertaining to the grievance.[1] Sprouse was released from disciplinary detention after having spent seventeen days there.[2]

Sprouse brought this section 1983 action against Babcock, Welder and Charles Harper, a member of ISP's disciplinary committee, claiming that his constitutional rights were violated by Babcock's deliberately filing false disciplinary charges against him and by all appellees' disregarding the ISP grievance program policy. Sprouse also claimed that the disciplinary committee wrongly found him guilty. Sprouse alleged he had two pending lawsuits against ISP at the time the disciplinary charges were filed. He sought damages for the seventeen days he spent in disciplinary confinement, and punitive damages.[3]

---

1. Because the administrative reversal of the disciplinary decision restored Sprouse's good time credits, he is not faced with an exhaustion-of-state remedies problem under *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987) (state prisoner bringing section 1983 action must satisfy exhaustion requirement if judgment for prisoner in such action would have preclusive effect in subsequent habeas action for restoration of good time credits).

2. The ten days of disciplinary detention for the instant violation were added to a ten-day detention imposed for a previous violation.

3. In addition, Sprouse sought declaratory and injunctive relief against ISP employees. He also filed two supplemental complaints against ISP employees but voluntarily dismissed these complaints after he was transferred to Missouri. On appeal Sprouse argues that he was deliberately transferred out of Iowa so that he could not pursue his claims against the Iowa defendants. This claim is moot because of the voluntary dismissals.

The District Court granted summary judgment in favor of appellees on the ground that Sprouse alleged retaliation for the exercise of a right that was not constitutionally guaranteed, citing *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D.Mo.1986) (violation of grievance program does not deprive a prisoner of a federal constitutional right because procedure not constitutionally required), and because neither the alleged falsity of the disciplinary report nor the fact that the filing of it by Babcock violated the grievance program policy established a violation of a constitutional right. On appeal Sprouse challenges these rulings.

Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims. *See Freeman v. Rideout*, 808 F.2d 949, 951–52 (2d Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988) (allegation that false evidence was planted by a prison guard does not state a constitutional claim where procedural due process protections are provided). Here, however, these claims were linked to a retaliation claim.

We believe the District Court erred in granting summary judgment with respect to Sprouse's retaliation claim. In *Franco v. Kelly*, 854 F.2d 584 (2d Cir.1988), a prisoner brought a section 1983 action alleging that state prison officials filed false disciplinary charges against him in retaliation for his cooperation with an investigation into inmate abuse. The Second Circuit held that the holding in *Freeman* did not preclude a section 1983 action based on these allegations because "intentional obstruction of a prisoner's right to seek redress of grievances" is the type of conduct section 1983 is intended to remedy. *Id.* at 589. The court went on to hold that a prisoner "should not be any less entitled to relief under section 1983 because he was addressing his complaints to a state administrative agency rather than to a court of law." *Id.* at 589–90; *see also Wright v. Newsome*,

795 F.2d 964, 968 (11th Cir.1986) (per curiam) (actions taken in retaliation for filing lawsuits and administrative grievances violate an inmate's right of access to courts and first amendment rights); *Wolfel v. Bates*, 707 F.2d 932 (6th Cir.1983) (per curiam) (prisoner's right to seek redress of grievances violated where prisoner given disciplinary infraction in retaliation for filing grievance).

Based on this line of authority, and upon our reading of the Constitution, we hold that the filing of a disciplinary charge against Sprouse, although otherwise not actionable under section 1983, is actionable under section 1983 if done in retaliation for his having filed a grievance pursuant to established procedures.[4] Prison officials cannot properly bring a disciplinary action against a prisoner for filing a grievance that is determined by those officials to be without merit anymore than they can properly bring a disciplinary action against a prisoner for filing a lawsuit that is judicially determined to be without merit. That the Constitution does not obligate the state to establish a grievance procedure is, we believe, of no consequence here, since what is at stake is a prisoner's right of access to an existing grievance procedure without fear of being subjected to a retaliatory disciplinary action. As a purely practical matter, we observe that if such disciplinary actions were allowed, the purpose of the grievance procedure—to provide an administrative forum for the airing of prisoner complaints—would be defeated. At the same time, prisoners must understand that if they abuse the system by repeatedly filing ill-founded grievances, reasonable limitations may be placed on their access to the procedure, just as reasonable limitations may be placed on prisoners' access to the courts when they abuse the judicial process by repeatedly filing frivolous claims. *See In re Tyler*, 839 F.2d 1290 (8th Cir.1988) (per curiam) (affirming order of district court limiting petitioner to one filing per month, subject to certain excep-

---

4. The Iowa Grievance Procedure is certified under 42 U.S.C. § 1997e (1982), which allows a federal court to continue an inmate's section 1983 action for up to ninety days while the inmate exhausts the state grievance procedures.

tions, and with additional restrictions on future filings).

We reverse the District Court's order with respect to Sprouse's retaliation claim and remand for further proceedings consistent with this opinion. We affirm the District Court's order with respect to Sprouse's remaining claims.