968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Craig Bryan NORTHINGTON, Plaintiff-Appellant,
v.
Mark McGOFF, Major Nard Claar, Major Frank Rice, Captain
Steve Schuh, Captain William Reed, Captain Patrick
Manzenares, Jeff Casserly, Sergeant David Tunnell, Tim
Smith, John Doe No. 1, John Doe No. 2, Jane Doe No. 1, Jane
Doe No. 2, Jane Doe No. 3, Defendants-Appellees.
 No. 91-1252.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 1
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JOHN E. CONWAY, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff appeals from an order dismissing his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). He argues that he was denied a fair hearing before his complaint was dismissed, that counsel should have been appointed to represent him, that the district court did not conduct a de novo review, and that the complaint should not have been dismissed as frivolous. We affirm in part, reverse in part, and remand.
 
 
 6
 Plaintiff, an inmate in the Colorado state prison system, commenced this § 1983 action against various state employees, alleging that 1) as a result of his testimony at a disciplinary hearing, certain Defendants took adverse actions against him; 2) Defendants denied him proper medical treatment; 3) Defendants brought false disciplinary charges against him; and 4) Defendants denied him access to his attorney. Defendants answered, denying the allegations.
 
 
 7
 The complaint was referred to a magistrate judge pursuant to D.Colo.R. 605. Pursuant to Local Rule 605(D), the magistrate judge scheduled an evidentiary hearing to determine whether the complaint was frivolous. The magistrate judge did not allow Plaintiff to call any witnesses. Only Plaintiff testified. Defendants did not present any evidence at the hearing. They were ordered to file Plaintiff's medical records after the hearing. After reviewing the records, the magistrate judge recommended that the complaint be dismissed. Plaintiff filed objections, attached to which were numerous exhibits including his medical records. Following a de novo review, the district court adopted the magistrate judge's recommendation and dismissed the complaint as frivolous under § 1915(d).
 
 
 8
 Plaintiff contends that he was provided with inadequate notice of the nature of the hearing. The notice stated that the court would hold a "605(D) Evidentiary Hearing." I R.Supp., doc. 2. Plaintiff complains that he did not have a copy of the court's local rules at the jail where he was incarcerated. However, he has not shown that he could not have requested a copy of the local rules from the court. We conclude he received adequate notice.
 
 
 9
 Plaintiff argues that he was denied the right to call witnesses and produce documents at the hearing, and that the magistrate judge constantly interrupted him. We held in Gee v. Estes, 829 F.2d 1005, 1008 (10th Cir.1987), that a court may conduct an evidentiary hearing to determine whether a pro se prisoner civil rights complaint is frivolous. A hearing on frivolousness under Gee is not a trial and is not to be measured by the same standards as a trial. Id. Rather, a relaxed standard similar to that in a criminal preliminary hearing, is appropriate. Id. A magistrate judge may limit the number of witnesses a plaintiff may call and may limit cross-examination. Id.
 
 
 10
 Given that the hearing was held at the Denver County Jail, the magistrate judge had a reasonable basis for precluding Plaintiff from calling state prison employees as witnesses. Further, our review of the tape[1] of the hearing shows that, while the magistrate judge asked the occasional clarifying question, Plaintiff was permitted to testify at length without interruption. The magistrate judge cut off Plaintiff's testimony in the middle of Defendants' cross-examination, not Plaintiff's presentation of his case. In any event, Plaintiff has not identified any facts he would have brought out had he been permitted to testify further. Finally, Plaintiff stated at the hearing that he did not have any documents with him. He appended numerous documents to his objection to the magistrate judge's recommendation, which the district court presumably reviewed. We conclude Plaintiff was not denied a fair hearing.
 
 
 11
 Plaintiff contends that counsel should have been appointed to represent him. 28 U.S.C. § 1915(d) provides in part, "The court may request an attorney to represent any such person unable to employ counsel." The magistrate judge denied Plaintiff's motion for appointment of counsel on the ground that Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989), held § 1915(d) does not authorize a federal court to require an attorney to represent an indigent litigant in a civil case.
 
 
 12
 Mallard held that § 1915(d) does not authorize coercive appointments of counsel. Id. This section does not divest a court of authority to request an attorney to represent an indigent litigant. Nevertheless, a court may refuse to appoint counsel to represent a pro se litigant at a hearing at which only frivolousness is at issue. Gee, 829 F.2d at 1008. We conclude the magistrate judge acted within his discretion in refusing to appoint counsel for Plaintiff.
 
 
 13
 Plaintiff next contends that, although the district court stated it made a de novo determination, it in fact did not. 28 U.S.C. § 636(b)(1) requires that a district court make a de novo determination of those portions of a magistrate judge's recommendation to which objection is made. "We will not look behind a district court's express statement that it engaged in a de novo review of the record." Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). Thus, we reject Plaintiff's contention that the district court failed to conduct a de novo review.
 
 
 14
 Plaintiff finally requests that we review the district court's disposition of his objections to the magistrate judge's recommendation. In essence, he is requesting that we review the determination that his complaint is frivolous.
 
 
 15
 Section 1915(d) provides in part, "The court may ... dismiss the case if ... satisfied that the action is frivolous." A complaint can be legally or factually frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is legally frivolous if it is based on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." Id. at 327. Factually frivolous claims include those "describing fantastic or delusional scenarios," id. at 328, or containing factual allegations that are "irrational or the wholly incredible." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). However, a complaint may not be dismissed simply because the court finds the allegations unlikely. Id. In reviewing a complaint for factual frivolousness, a court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.
 
 
 16
 A § 1915(d) dismissal is reviewed for abuse of discretion. Denton, 112 S.Ct. at 1734. Appropriate considerations include whether the plaintiff was proceeding pro se, whether the court inappropriately resolved genuine issues of disputed facts, whether the court applied erroneous legal conclusions, whether the court provided a statement explaining the dismissal that facilitates intelligent appellate review, and whether dismissal was with or without prejudice. Id.
 
 
 17
 Count I alleges that, in retaliation for testifying at an August 24, 1987, disciplinary hearing that Defendant Manzenares was involved in drug trafficking in the prison, Defendants Manzenares and Schuh denied Plaintiff earned time credits, placed inadequate and detrimental documents in his file, and arbitrarily gave him additional custody points. He explained in his objection to the magistrate judge's recommendation that the custody points were given for a detainer to which Defendant Schuh had previously determined custody points did not apply. The district court concluded generally that there was no evidence of a conspiracy to violate Plaintiff's rights.
 
 
 18
 Plaintiff's exhibits show that the earned time credit was denied on June 30, 1987, two months before Plaintiff allegedly testified at the disciplinary hearing. Thus, it could not have been denied in retaliation for Plaintiff's testimony. Further, Plaintiff has not identified the "inadequate and detrimental" documents Defendants allegedly placed in his file. Finally, a detainer was served on Plaintiff in September 1986. A March 1987 reclassification custody rating gave Plaintiff no points for the detainer, but a September 3, 1987, reclassification custody rating gave Plaintiff seven points for the detainer with a notation that the custody rating of March 1987, erroneously failed to account for the detainer. Plaintiff asserts in a conclusory manner that the detainer should not have been lodged, but offers no supporting facts or legal authority. Correcting the error could not violate any constitutional rights as Plaintiff has shown no right not to receive points for the detainer. The form he submitted as an exhibit assigns seven points for active current detainers. Count I was properly dismissed as frivolous.
 
 
 19
 Count II alleges various instances of indifference to Plaintiff's medical needs. The district court concluded that there was no evidence of deliberate indifference to Plaintiff's medical needs.
 
 
 20
 Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, negligence in diagnosing or treating a condition does not establish a constitutional violation, id. at 106, nor does a prisoner's disagreement with the treatment provided. Ledoux v. Davies, No. 91-3355, 1992 WL 81115, at * 1 (10th Cir.Apr. 24, 1992).
 
 
 21
 Count II specifically alleges that Defendant Casserly, a physician's assistant, refused to provide Plaintiff with a light duty slip for a back problem. However, Casserly responded to Plaintiff's medical complaints by designating him as medically unassigned. Count II also alleges that Plaintiff was denied medical treatment between February 1988, and April 1989, and was placed in an isolation unit for five days without any medical attention. The medical records that Plaintiff submitted show that Plaintiff received continuous and frequent medical care during this period. While Plaintiff may not have been satisfied with the level of care or its success, his own exhibits defeat his claim that Defendants were deliberately indifferent to his medical needs. Count II was properly dismissed as frivolous.
 
 
 22
 Count III alleges that certain Defendants conspired to bring false disciplinary charges against Plaintiff. The district court concluded there was no evidence of a conspiracy to violate Plaintiff's constitutional rights.
 
 
 23
 "[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell[2] are provided." Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984). See also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Plaintiff failed to allege that the procedural requirements of Wolff were not followed when the disciplinary charges were heard and, in fact, he was exonerated of several of those charges. Thus, his third count was properly dismissed as frivolous.
 
 
 24
 However, allegations that false charges were brought in retaliation for exercise of an inmate's right of access to the courts or to other legal procedures are cognizable under § 1983. Sprouse, 870 F.2d at 452; Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir.1988); see also Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir.1990). Plaintiff stated in his objection to the magistrate judge's recommendation that Defendants conspired to frame him because he threatened to bring legal action for medical indifference. His complaint alleges that Defendants conspired to bring charges against him, but does not allege a retaliatory motive behind the conspiracy. He never formally moved to amend his complaint to allege retaliation, and his complaint may not be amended by his objection to the magistrate judge's recommendation. See Pritchard v. Rainfair, Inc., 945 F.2d 185, 191 (7th Cir.1991) (complaint may not be amended by brief in opposition to motion for summary judgment).
 
 
 25
 Nevertheless, if frivolous factual allegations could be remedied through more specific pleading, we must consider whether the district court abused its discretion by dismissing the complaint without granting leave to amend. Denton, 112 S.Ct. at 1734. We conclude that Count III could be remedied through more specific pleading alleging retaliation. We find no basis for the district court's (apparent) conclusion that the factual allegations of Count III are frivolous. The allegations are not fantastic, delusional, irrational, or wholly incredible. Some of the allegations are supported by exhibits. The allegations may be unlikely, but that is not a basis for dismissing the claim as frivolous. The district court therefore should have granted Plaintiff leave to amend Count III. We reverse dismissal of Count III with directions to permit Plaintiff to amend this count to properly allege a retaliation claim.
 
 
 26
 Count IV alleges that Defendants in the Peer One Therapeutic Community denied Plaintiff's repeated requests for permission to call his attorney. The district court did not specifically address this claim other than to conclude there was no evidence of a conspiracy to violate Plaintiff's constitutional rights.
 
 
 27
 "[I]nmates must have a reasonable opportunity to seek and receive the assistance of attorneys. Regulations and practices that unjustifiably obstruct the availability of professional representation ... are invalid." Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989). The denial of access to counsel component of Count IV alleges infringement of a legally protected interest. The factual allegations are not irrational or wholly incredible, and nothing in the record calls those allegations into question.
 
 
 28
 Count IV further alleges that Plaintiff became ill on April 9, 1989, requested medical attention daily, but was disciplined instead. He was finally seen by a doctor on April 13, 1989, who diagnosed him as having acute bronchitis. The district court concluded that a great deal of medical care was provided to Plaintiff and there was no evidence of deliberate indifference to his medical needs.
 
 
 29
 Reed v. Dunham, 893 F.2d 285, 287 (10th Cir.1990), held that a deliberate indifference claim alleging an inadequately explained delay of nearly two hours in the provision of medical treatment for an apparently serious stab wound was not frivolous. Here, two entries in Plaintiff's medical records show that Plaintiff was seen by a doctor on either April 11[3] or April 13, at which time he was diagnosed as having acute bronchitis. Nothing in the record refutes Plaintiff's allegations that his daily requests to see a doctor were denied without adequate explanation, or that his illness was serious. If a claim based on failure to provide medical attention for two hours for a serious wound is not frivolous, certainly a claim based on failure to provide medical attention for two or four days for a serious illness is not frivolous. We conclude the district court improperly dismissed Count IV as frivolous.
 
 
 30
 The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The motion to make a transcript of the July 31, 1990, hearing part of the record is DENIED. A tape of that hearing shall be added to the record.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff moved to make a transcript of the July 31, 1990, evidentiary hearing a part of the record. We deny the motion insofar as it requests that a transcript be added to the record. Instead, we order that the tape of the hearing be added to the record
 
 
 [2]
 418 U.S. 539 (1974)
 
 
 [3]
 Plaintiff believes the April 11 date on one of the exhibits is erroneous as he only saw a doctor once and recalls that it was on a Thursday. We note that April 13, 1989, fell on a Thursday