985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Pamela WITHROW, et al., Defendants-Appellees.
 No. 92-1765.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Carson Lynn Brown appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Brown, a Michigan prisoner, sought monetary and injunctive relief for alleged deprivations of his constitutional rights. His claims included the denial of access to the courts, sexual harassment and sexual assault, unlawful conditions of confinement, the denial of due process and the denial of equal protection. The district court granted summary judgment in favor of defendants, and the case was dismissed.
 
 
 4
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). There exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law.
 
 
 5
 First, defendants are entitled to judgment on Brown's claim that he was denied access to the courts because he failed to specify what harm, if any, resulted from the alleged deprivation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 6
 Second, Brown's claims of sexual harassment and sexual assault lack merit. A prisoner has no legitimate expectation of privacy in his cell. See Hudson v. Palmer, 468 U.S. 517, 530 (1984). A pat-down search, which is by definition of short duration and minimal obtrusiveness, is not unconstitutional, even when performed by a female officer. Timm v. Gunter, 917 F.2d 1093, 1100 (8th Cir.1990), cert. denied, 111 S.Ct. 2807 (1991). Furthermore, Brown failed to demonstrate that a pat-down search involves a wanton infliction of pain which is barred by the Eighth Amendment. See Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).
 
 
 7
 Third, Brown complained that he was subjected to unlawful conditions of confinement when he was placed in a detention cell. He alleged that he was denied personal items and adequate bedding, that rats, roaches and ants were present in the cell, and that no hot water was available. However, he also alleged that the next day he was given his personal items and that the hot water tap was fixed; he was removed from the detention cell after four days. Defendants are entitled to judgment as a matter of law because the alleged conditions in the detention cell, while unpleasant, were not below the constitutional standard of "the minimal civilized measures of life's necessities." See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Walker, 771 F.2d at 927.
 
 
 8
 Fourth, Brown alleged that his access to prison grievance procedures was restricted without due process. Defendants are entitled to judgment on this claim because there is no constitutional or state created right to any particular grievance procedure. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989). Prison officials may place reasonable limits on a prisoner's access to the grievance process. Id.
 
 
 9
 Lastly, Brown sought redress for an alleged violation of his right of equal protection. However, he failed to allege sufficient facts to show that he was deliberately subjected to discriminatory treatment while other similarly situated individuals were not. See McClesky v. Kemp, 481 U.S. 279, 292 (1987).
 
 
 10
 Accordingly, Brown's request for appointment of counsel is denied and the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation