14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert Lee BOLES, Jr., Plaintiff-Appellant,
Robert Walker, et al., Plaintiffs,
v.
William OVERTON, Warden; Joseph Weinberg; R. Stock; Dan
Purple; Jeff Heath; Sharita People; J.
Crenshaw; Salibury, Lt.; Wayne, Sgt.;
Donnelly, Sgt., Defendants-Appellees.
 No. 93-1249.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this Sec. 1983 action, plaintiffs, nineteen inmates, allege violations of their constitutional rights under the First, Eighth, and Fourteenth Amendments by defendant prison officials and employees. The district court granted defendants' motion for summary judgment and denied plaintiffs' motions for summary judgment.
 
 I.
 
 2
 Plaintiffs were at all times relevant incarcerated at the Adrian Temporary Facility in Adrian, Michigan. All are members of the Melanic Religious Organization. Their religious services were held at the Gus Harrison facility. Defendants are William Overton, warden; Joseph Weinberg, deputy warden; R. Stock, assistant deputy warden; Dan Purple and Jeff Heath, assistant administrative officers; and Sharita People, bookkeeper; all are employed at the Adrian Temporary Facility. Also named as defendants are four employees of the Gus Harrison Regional Facility, James Crenshaw, assistant deputy warden; Lieutenant Salibury; Sergeant Wayne; and Sergeant Donnelly.
 
 
 3
 Plaintiffs' pro se complaint and amended complaint allege violations of their First, Eighth, and Fourteenth Amendment rights relative to the Inmate Benefit Fund, shakedowns of inmates attending religious services, the availability of memory disks for typewriters, and improper transfers. As relief, plaintiffs seek declaratory and injunctive relief, as well as $1,000,000 in damages.
 
 
 4
 The magistrate judge recommended that defendants' motion for summary judgment be granted, that plaintiffs' motions for summary judgment be denied, that plaintiffs' motions for leave to file and a supplemental complaint and a temporary restraining order and/or injunctive relief be denied as moot. The district court summarily affirmed. This appeal followed.
 
 II.
 
 5
 We review a district court's grant of summary judgment de novo. Faughender v. City of N. Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991). Summary judgment is appropriate if the nonmovant fails to establish a genuine issue of material fact of an element essential to its case and on which it would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Pro se pleadings are to be construed more liberally than pleadings drafted by attorneys. Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992).
 
 
 6
 In their first and second assignments of error, plaintiffs Robert Lee Boles, Jr. and Lacey Fondren allege that, from a "chronology of events," it can be inferred that defendants retaliated against them for exercising their First Amendment rights. Fondren alleges that he was transferred to another facility because he filed a grievance concerning a shakedown he and other prisoners were subjected to on May 1, 1992, prior to entering the chapel at the Gus Harrison Facility. Boles claims that as a result of grievances (both administrative and judicial) he filed, defendants retaliated against him by refusing to let him buy memory disks for his electric typewriter despite the fact that other inmates were allowed to purchase them. Boles also claims that he, too, was improperly transferred.
 
 
 7
 Section 1983 offers an avenue of redress for the impermissible abridgement of a prisoner's constitutional right to seek redress of grievances. Wolfel v. Bates, 707 F.2d 932, 934 (6th Cir.1983) (per curiam). Furthermore, otherwise proper acts may be actionable under Sec. 1983 if done in retaliation for filing a grievance pursuant to established prison procedures. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989).
 
 
 8
 We have reviewed each individual grievance and find all to be frivolous. In the absence of other evidence to support an inference that Fondren was retaliated against for filing a grievance, this claim must be rejected.
 
 
 9
 Regarding Boles's thwarted attempts to purchase memory disks, we hold that the evidence submitted by plaintiff does not amount to probative evidence that the defendants retaliated against him by denying him access to additional data cards. Nothing in the record shows that Weinberg knew that inmates were purchasing diskettes, which were not approved of purchases, until plaintiff complained to Weinberg about the practice of limiting inmates to one diskette. Further, the affidavits of the other inmates do not refer to any purchases after March 9, 1992, the date Weinberg responded to plaintiff's inquiry. Summary dismissal was appropriate.
 
 
 10
 Next plaintiffs argue that the district court abused its discretion in denying their motions for leave to file a supplemental complaint and for a temporary restraining order and/or preliminary injunction as moot. Plaintiffs claim that the allegations made in the supplemental complaint state a claim of continued retaliation by defendants, and one other, Assistant Resident Unit Manager Rich, for complaining about the conditions at Adrian, for filing the instant case, and also a suit involving the alleged refusal of defendant Overton to comply with an executive order that nonsmokers be placed in a nonsmoking unit. We hold that the district court's dismissal of plaintiff's attempt to file a belated supplemental pleading that would have added claims relating to a subsequent suit was correct since that claim was not properly before the court.
 
 
 11
 In their fourth argument on appeal, plaintiffs assert that the district court erred in denying their first motion for summary judgment. This argument raises a host of issues, which we deal with in turn. First, plaintiffs argue that the district court erred in dismissing their due process claim that the business office illegally assessed a 5% service charge on all prisoner accounts as a processing charge for catalog orders. We disagree. The deductions were made in accordance with prison regulation OP-ATF-53.03. Contrary to plaintiffs' assertion, neither PD-BCF-20.01 nor administrative rule 791.2235 prevent defendants from assessing a service charge. Plaintiffs derive a benefit, and the choice to order from catalogs is that of the prisoner's. See Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir.1981).
 
 
 12
 Next plaintiffs contend that they suffered religious discrimination because defendants Heath and Purple refused to make available from the Inmate Benefit Fund approved monies for the purchase of Melanic religious materials. However, the record reflects that plaintiffs originally filed a nonconforming purchase order from an unapproved vendor and that the funds were depleted by the time the Melanics resubmitted their request. In addition, the purchase order had not been presented to the prison chaplain before submission to the benefit fund, as required by the prison rules. This claim is without merit.
 
 
 13
 Plaintiffs also claim that they suffered religious discrimination with respect to defendant Weinberg's change of policy relating to the Adrian facility prisoners taking religious material through the gate to Gus Harrison. This claim is also meritless. The record reflects that the restrictions were applied equally to all religious groups and applied only to property that is used by the religious groups in a chapel setting, such as banners, crosses, serving utensils, and robes. We think this policy is nondiscriminatory and supports a legitimate, nondiscriminatory penological objective. See Cruz v. Beto, 405 U.S. 319, 322 (1972); Turner v. Safley, 482 U.S. 78, 89 (1987). Accordingly, plaintiff has failed to present evidence of religious discrimination in violation of the First Amendment.
 
 
 14
 Next plaintiff Boles advances an equal protection claim relative to defendants' refusal to allow plaintiff to buy memory disks for his typewriter, when white prisoners were allowed to buy memory disks. Contrary to plaintiff's assertion, there is no evidence in the record to establish discrimination based on race. This claim, too, was properly dismissed.
 
 
 15
 Plaintiffs challenge the district court's grant of summary judgment as to the Eighth Amendment claim that they were assaulted when going through the gate to Gus Harrison for religious services. Specifically, plaintiffs contend that they were struck in the groin area and under the arms. We have reviewed each of the affidavits submitted by plaintiffs and find that the allegations of rough treatment occurring during the shakedown simply does not rise to the level of "cruel and unusual" punishment so as to state an Eighth Amendment claim. Cf. Parrish v. Johnson, 800 F.2d 600 (6th Cir.1986).
 
 
 16
 Finally, plaintiffs claim that they were deprived of due process by being taken to another, higher-custody level facility, Gus Harrison, for the purpose of holding religious services. This contention borders on the absurd. The "transfer" was for religious services only; a temporary, voluntary activity. These facts fail to create a genuine issue that plaintiffs' were deprived of a constitutional liberty interest.
 
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.