48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Charles McCHRISTIAN, Appellant,
v.
C. HAMPTON, Sgt., Maximum Security Unit, Arkansas Department
of Correction; R. Shelton, Lt., Maximum Security Unit,
Arkansas Department of Correction; G. Price, Maximum
Security Unit, Arkansas Department of Correction; Gates,
Sgt., Maximum Security Unit, Arkansas Department of
Correction, Appellees.
 No. 94-2482.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 3, 1995.
Filed: Feb. 10, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles McChristian, an Arkansas prisoner, appeals from the district court's[1] dismissal after a bench trial of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 McChristian claimed his substantive due process rights were violated by Maximum Security Unit Sergeants Hampton, Price, and Gates, and Lieutenant Shelton when he was subjected to excessive force after fighting with another inmate, and when allegedly false disciplinary and witness reports were filed against him. The magistrate judge credited defendants' testimony and found that their conduct did not violate the Eighth Amendment.
 
 
 3
 We review for clear error the district court's findings of fact, and review de novo whether the facts establish a constitutional violation. Falls v. Nesbitt, 966 F.2d 375, 377 (8th Cir. 1992). We conclude that the magistrate judge did not clearly err in finding that McChristian kept advancing on another inmate with whom he had been fighting, after being ordered to stop; cursed and threatened Sergeant Hampton; and grabbed Hampton's riot stick and punched Hampton in the stomach when ordered to submit to handcuffing. See Wilson v. Lambert, 789 F.2d 656, 658 (8th Cir. 1986) (finding based on credibility determination "virtually unassailable" absent, among other things, documents or objective evidence that may contradict witness's story). We agree with the magistrate judge that the facts show the application of force could plausibly have been thought necessary under the circumstances, and thus that there was no Eighth Amendment violation. See Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1994) ("[w]hether pain is wantonly and unnecessarily inflicted [in violation of the Eighth Amendment] depends, at least in part, on whether force could have plausibly been thought to be necessary to maintain ... the safety of the prison personnel or inmates").
 
 
 4
 McChristian argues that the magistrate judge should have analyzed his excessive force claim as a substantive due process violation rather than as an Eighth Amendment violation. We disagree. The Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified." Whitley v. Albers, 475 U.S. 312, 327 (1986). In the context of an excessive force claim by an inmate, substantive due process affords no greater protection than does the Eighth Amendment. Id. Finally, the magistrate judge correctly concluded false disciplinary and witness reports allegedly filed to conceal unlawful behavior by defendants did not implicate a constitutional right. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (false report against inmate not actionable under Sec. 1983 unless filed in retaliation for exercise of constitutional right).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)