66 F.3d 316
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin T. MCINTOSH, Plaintiff-Appellant,
v.
Franklin FREEMAN, Secretary, North Carolina Department of
Correction; Rick Jackson, Superintendent, Brown Creek
Correctional Institution; John Mclarty, Administrative
Officer II; Mail Room Staff, Brown Creek Correctional
Institution; Staff Officers, Brown Creek Correctional
Institution, Defendants-Appellees.
 No. 95-6545.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 25, 1995.
Decided: Sept. 19, 1995.
 
 Marvin T. McIntosh, appellant pro se. William Dennis Worley, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, NC, for appellees.
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marvin T. McIntosh appeals from a district court order adopting a magistrate judge's recommendation that summary judgment be granted for Defendants in this 42 U.S.C. Sec. 1983 (1988) action. We affirm in part, vacate in part, and remand.
 
 
 2
 With regard to McIntosh's claim that officials improperly tampered with his mail, we affirm on the reasoning of the district court. McIntosh v. Freeman, No. CA-94-531-3 (M.D.N.C. Apr. 3, 1995). We also find that the district court did not err in declining to allow amendment of the complaint or discovery prior to its decision on the summary judgment motion.
 
 
 3
 However, the district court erred in finding that McIntosh's claim that a prison guard filed a false disciplinary charge against him failed to state a Sec. 1983 claim. Such allegations may not stand on their own, but they do state claims when the guards' actions are allegedly motivated by a desire to retaliate for a prisoner's having filed lawsuits against officials. Sprouse v. Babcock, 870 F.2d 450 (8th Cir.1989); Cale v. Johnson, 861 F.2d 943 (6th Cir.1988); Franco v. Kelly, 854 F.2d 584 (2d Cir.1988). The complaint contained the allegation of retaliatory motive with regard to this claim, but the district court failed to address this fact or note that it might mandate a different outcome. Compare Freeman v. Rideout, 808 F.2d 949 (2d Cir.1986) (holding that bare claim of false charges does not state a Sec. 1983 claim), cert. denied, 485 U.S. 982 (1988) with Franco, 854 F.2d 584 (holding that false charges plus retaliatory motive states Sec. 1983 claim). Thus, we vacate that portion of the order granting summary judgment with respect to this claim and remand the matter to the district court for further proceedings not inconsistent with this opinion. We express no opinion on the merits of the retaliation claim.
 
 
 4
 We deny McIntosh's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.