95 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Christopher J. HIGHTOWER, Plaintiff, Appellant,
v.
George A. VOSE, Jr., et al., Defendants, Appellees.
 No. 95-2296.
 United States Court of Appeals, First Circuit.
 Sept. 12, 1996.
 
 Christopher J. Hightower on brief pro se.
 Michael B. Grant, Senior Legal Counsel, Rhode Island Department of Corrections, on Memorandum in Support of Motion for Summary Disposition Under Rule 27.1 for appellees.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christopher Hightower appeals pro se the dismissal of his civil rights complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.[1]
 
 
 2
 On March 28, 1994, Hightower filed a complaint under 42 U.S.C. § 1983 against various Rhode Island prison officials based on events which allegedly occurred while Hightower was a pretrial detainee. Stripped to its essentials, the complaint alleges that correctional officers Gilbert and Berry conspired to falsely charge Hightower with swearing and threatening; Officer Gilbert later admitted at a disciplinary hearing that Hightower did not swear and that the alleged threat was a statement by Hightower that he intended to file a grievance; the disciplinary board found Hightower to be guilty of threatening and imposed a term of segregation; and the guilty finding was affirmed on administrative appeal. The "false" charges were made and the discipline was imposed, the complaint alleges, in retaliation for Hightower's filing a grievance against Gilbert. The complaint also alleges that the disciplinary board excluded evidence regarding the nature of the "threat" in its written report, and that the evidence in the disciplinary record does not support a guilty finding. Finally, the complaint alleges that Hightower suffered various indignities during segregation--including the denial of a shower for eight days and having unknown correctional officers soil his court clothing--and that prison officials did not immediately return him to the general population at the completion of his disciplinary term.
 
 
 3
 Based on these facts, Hightower alleged the denial of his right under the First Amendment to petition the government for the redress of grievances. He also alleged a denial of both substantive and procedural due process. Finally, Hightower invoked the supplemental jurisdiction of the district court and alleged various violations of state law.
 
 
 4
 To the extent that Hightower complains that he was punished for expressing an intent to file a grievance--or in the alternative, that he was subjected to "false charges" and discipline in retaliation for doing so--he states a claim under the First Amendment.[2] See, e.g., Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) (recognizing that the First Amendment right to petition the government for redress of grievances includes redress under established prison grievance procedures); Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir.1988) (observing that "intentional obstruction of a prisoner's right to seek redress of grievances" is precisely the sort of oppression that § 1983 is intended to remedy).
 
 
 5
 Hightower's claims that the disciplinary hearing was constitutionally deficient and that he was denied substantive due process are closely intertwined with his claim that he was punished for constitutionally protected activity. We need not definitively resolve at this juncture the viability of these claims.[3] Since Hightower may be able to show injury under the First Amendment, it may be unnecessary to consider claims arising out of other constitutional provisions. Cf. Franco, 854 F.2d at 590 n. 3; Burton v. Livingston, 791 F.2d 97, 101 n. 2 (8th Cir.1986). If Hightower fails to prove a First Amendment violation, he may nonetheless succeed in showing a violation of due process if he can demonstrate, as he alleges, that there is no evidence in the record to support a constitutionally valid charge of threatening. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985) (holding that due process requires that a finding of guilt be supported by "some evidence" in the record).[4]
 
 
 6
 Hightower's remaining § 1983 claims were properly dismissed because, on the facts of this case, they amount to de minimis impositions and thus do not implicate constitutional concerns. See Bell v. Wolfish, 441 U.S. 520, 539 n. 21 (1979). The delay in returning Hightower to the general population was brief. Hightower makes no allegation that he was repeatedly denied showers, or that he was ever denied access to hygiene items, water, and towels. We do not think a single instance of being denied a shower for eight days, without more, states a due process violation. Cf. Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir.) (holding that one shower per week was constitutionally sufficient under the Eighth Amendment), cert. denied, 488 U.S. 908 (1988).
 
 
 7
 Having reinstated some portion of Hightower's federal claims, we also reinstate his supplemental state law claims. See 28 U.S.C. § 1367(c)(3). Because the issue has not been briefed, we express no opinion on whether any of these state law claims are viable.
 
 
 8
 Affirmed, in part; vacated, in part; and remanded for further proceedings.
 
 
 
 [1]
 Although appellees have not raised the issue of waiver, we note that the instant case was originally referred to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate's report recommended dismissal, Hightower filed no objection to the magistrate's report, and the district judge adopted the recommended decision on the ground that "no objection has been timely filed and the time for objecting has expired." As a general rule, a litigant in this circuit waives the right to appellate review of a district court order adopting a magistrate's recommendation if the litigant fails to object to the proposed decision before the district court. See, e.g., Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 & n. 19 (1st Cir.1994); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir.1980). However, we decline to apply the waiver rule to a pro se litigant's failure to object where, as here, appellees have not argued waiver and the magistrate's report does not warn the litigant "that failure to file within the time allowed waives the right to appeal the district court's order." United States v. Valencia-Copete, 792 F.2d 4, 6-7 (1st Cir.1986) (per curiam) (mandating such notice in a magistrate's report where the litigant is pro se )
 
 
 [2]
 Contrary to appellees' suggestion, claims asserted under the First Amendment survive Sandin v. Connor, 115 S.Ct. 2293 (1995). See Sandin, 115 S.Ct. at 2302 n. 11; Cornell v. Woods, 69 F.3d 1383, 1387 n. 4 (8th Cir.1995); Pratt v. Rowland, 65 F.3d 802, 806-07 (9th Cir.1995); Boomer v. Irvin, 919 F.Supp. 122, 126 (W.D.N.Y.1995)
 
 
 [3]
 We note, however, that the Supreme Court's rationale in Sandin does not apply to pretrial detainees, who must be afforded a due process hearing before being punished. See Mitchell v. Dupnik, 75 F.3d 517, 523-25 (9th Cir.1996); Whitford v. Boglino, 63 F.3d 527, 531 n. 4 (7th Cir.1995); Poole v. Jefferson County Sheriff's Dep't, 921 F.Supp. 431, 433-34 (E.D.Tex.1996)
 
 
 [4]
 Because appellees Vose, Gardner, and Cudworth have not renewed the issue on appeal, and the matter was not addressed by Hightower below, we do not resolve whether the complaint alleges sufficient involvement on the part of these supervisory officials to state a § 1983 claim against them