# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2779

_____

Erma Jean Trammell,      *
     *
         Appellee,      *
     *
      v.      *
     *
Lee Davis, former C/O officer,      *
in his individual capacity,      *
     *
         Defendant,      *
     *
Larry Norris, individually and in his      *
official capacity as Director,      *
Arkansas Department of Correction,      *    Appeal from the United States
     *    District Court for the
         Appellant,      *    Eastern District of Arkansas.
     *
Roy Hobbs,   Assistant Director,      *       [UNPUBLISHED]
     *
         Defendant,      *
     *
Virginia Wallace, individually and in      *
her official capacity as Warden,      *
Tucker Women Unit,      *
     *
         Appellant,      *
     *
Curry Butler, Assistant Warden,      *
Tucker Women Unit; Robert Clark,      *
Disciplinary Hearing Administrator,      *
     *

          Defendants,                    *
                                         *
Kim Luckett, individually and in his     *
official capacity as Major of Security,  *
Tucker Women Unit,                       *
                                         *
          Appellant,                     *
                                         *
James Cloird, Sgt., Safety & Sanitation, *
Tucker Women Unit; Gary Burton,          *
Lieutenant, Tucker Women Unit;           *
Elsie Billings, Sgt., Classification     *
Officer, Tucker Women Unit, in           *
her individual and official capacities;  *
J. T. Blankenship, Disciplinary Hearing  *
Officer, Tucker Women Unit,              *
                                         *
          Defendants.                    *

                    _____

          Submitted: November 1, 1999
              Filed: February 28, 2000
                    _____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.
                    _____

PER CURIAM.

        Erma Jean Trammell, a state prisoner, filed this 42 U.S.C. § 1983 (Supp. III
1997) action against various prison officials, claiming deliberate indifference to her
safety and denial of access to the prison grievance system. In this interlocutory appeal,
Arkansas Department of Correction Director Larry Norris, former Tucker Women's

Unit ("TWU") Warden Virginia Wallace, and TWU Major Kim Luckett appeal the District Court's[1] denial of summary judgment based on qualified immunity. We affirm.

Trammell's § 1983 action arises from a May 6, 1996, sexual encounter between Trammell and Lee Davis,[2] a former TWU correctional officer. Trammell alleged that Davis had raped her; after originally denying the encounter had occurred, Davis contended that the sex had been consensual. Davis was terminated from TWU. The results of the state police investigation were inconclusive, and no charges were filed against Davis. Subsequently, Trammell, who had not been disciplined since her arrival at TWU in the beginning of 1995, received multiple major disciplinaries, including one for the sexual encounter with Davis.

In an appeal from the denial of a motion for summary judgment based on qualified immunity, we have jurisdiction to review, de novo, the abstract issues of law relating to qualified immunity, but not arguments as to the sufficiency of the evidence. See Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998). In evaluating claims of qualified immunity, we must determine whether appellee asserted a violation of a clearly established statutory or constitutional right and whether, given the facts most favorable to appellee, there are no genuine issues of material fact as to whether reasonable officials in appellants' positions would have known that their alleged actions violated that right. See Buckley v. Rogerson, 133 F.3d 1125, 1126-29 (8th Cir. 1998).

We conclude the District Court properly rejected appellants' qualified immunity defense because they admitted that they had knowledge of multiple sexual incidents between male guards and female inmates and complaints of inappropriate pat-downs

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

[2]Davis is also a defendant in this case, but is not part of this appeal.

and that they had made no changes in policies or practice in response. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (prison official can be found liable for denying inmate humane conditions of confinement if official knows of and disregards excessive risk to inmate safety); Ware v. Jackson County, Mo., 150 F.3d 873, 883-84 (8th Cir. 1998) (prison official may not escape liability by showing that, while he was aware of substantial risk to inmate safety, he did not know that complainant was especially likely to be assaulted by specific person who eventually committed assault).

We also agree with the District Court that, in particular, the major disciplinary Trammell received for the sexual encounter with Davis–which was based upon the inconclusive results of the state police investigation–presents a genuine issue of material fact as to whether she was being retaliated against for reporting Davis. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of disciplinary charge against inmate is actionable under § 1983 if done in retaliation for having filed grievance under established procedures); cf. Moorman v. Thalacker, 83 F.3d 970, 974 (8th Cir. 1996) (prison officials' factual findings based on "some evidence" satisfy due process).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-