**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY L. GARROTT, | No. 14-35076 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-00887-BHS |
| v. | |
| PAT GLEBE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 6, 2015[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Washington state prisoner Rodney Garrott appeals the district court's denial of his habeas corpus petition. Garrott alleges that a Department of Corrections official falsely accused him of prison infractions, resulting in a loss of Earned

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Release Time (ERT) without due process of law. The Washington Supreme Court found that Garrott's loss of ERT was not the result of disciplinary proceedings, and that he had received the limited due process to which he was entitled under Washington state law. The district court denied Garrott's petition and dismissed the action. This court granted a limited certificate of appealability to consider (1) whether Wash. Rev. Code §§ 72.09.130 and 9.94A.729 create a protected liberty interest in the eligibility to earn early release credits, and (2) whether appellant received due process. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and we affirm the district court's denial of habeas relief.

1.     Although a district court's denial of a habeas petition is reviewed de novo, *Hernandez v. Holland*, 750 F.3d 843, 852 (9th Cir. 2014), *cert. denied sub nom. Hernandez v. Biter*, 135 S. Ct. 253 (2014), the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prevents this court from reversing a state court's denial of habeas relief unless the relevant state court decision is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d).

2.     We do not reach the issue of whether Wash. Rev. Code §§ 72.09.130 and 9.94A.729 create a protected liberty interest in the eligibility to earn early

2

release credits because the Washington Supreme Court found that Garrott's loss of ERT was not the result of the challenged disciplinary proceedings. ER 46. Department of Corrections records reflect that Garrott failed to earn ERT between March 1, 2011 and May 1, 2011 because he failed to participate in available education and work programs. *See* Wash. Rev. Code § 72.09.130(2); Wash. Admin. Code § 137-30-030(3). The record contains no convincing evidence to the contrary.

Garrott attempts to attribute this loss to sanctions imposed as a result of an April 12, 2011 disciplinary infraction, however, his sixteen-day stay in segregation cannot explain his ten-day loss of ERT. If an inmate spends twenty days or more in segregation in one calendar month, he is ineligible to earn ERT for that month. Wash. Admin. Code § 137-30-030(3)(c)(ii)–(iv). Although Garrott spent only sixteen days in segregation, beginning April 12, 2011, he lost ERT for the months of March and April. It is implausible to attribute Garrott's loss of ERT to his disciplinary sanctions. Accordingly, the state court's factual determination is not unreasonable and therefore may not be disturbed. *See* 28 U.S.C. § 2254(d)(2).

3. Garrott has not shown that he was denied due process. The Washington Supreme Court held that Garrott's disciplinary proceedings provided the minimal due process required by Washington state law. *See In re Grantham*,

3

227 P.3d 285, 292 (Wash. 2010) (en banc). Although Garrott alleges that false testimony was provided against him during these proceedings, Garrott provided no convincing evidence to contradict the hearing officer's credibility determinations or to show that the state court's reliance upon those determinations was unreasonable. Nor has Garrott shown that it is clearly established federal law that a prisoner has a right to be free from false accusations. *See, e.g.*, *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Hanrahan v. Lane*, 747 F.2d 1137, 1139–41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims.").

The district court's denial of habeas relief is **AFFIRMED.**

4

FILED

APR 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Garrott v. Glebe*, Case No. 14-35076
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.