Donald L. DIXON, Appellant,

v.

Larry BROWN, CO I, Appellee.

No. 93–3771.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Oct. 20, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 29, 1994.

Donald L. Dixon, pro se.

Alana M. Barragan–Scott, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon, John R. Munich and Alana M. Barragan–Scott, on the brief), for appellee.

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

In this 42 U.S.C. § 1983 action, Missouri inmate Donald L. Dixon asserts correctional officer Larry Brown violated Dixon's First Amendment right of petition by bringing a false disciplinary charge against Dixon in retaliation for Dixon's use of prison grievance procedures. The district court granted Brown summary judgment because the prison disciplinary committee dismissed the charge and Dixon was not punished. The district court believed Dixon could not establish his retaliation claim without showing an independent injury. We disagree and reverse.

In *Sprouse v. Babcock,* 870 F.2d 450 (8th Cir.1989), we recognized the First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures. *Id.* at 452. Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance. *Id.; see Franco v. Kelly,* 854 F.2d 584, 589–90 (2d Cir.1988). Having presented evidence that Brown's disciplinary charge was false and made in retaliation for Dixon's grievance against Brown, Dixon need not show a separate, independent injury as an element of his case. Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, the injury to this right inheres in the retaliatory conduct itself. *See Sprouse,* 870 F.2d at 452; *cf. Hershberger v. Scaletta,* 33 F.3d 955, 956 (8th Cir.1994) (systemic denial of inmates' constitutional right of access to courts is "such a fundamental

deprivation that it is an injury in itself"). In short, when retaliatory conduct is involved, there is no independent injury requirement.

We thus reverse and remand to the district court for further proceedings consistent with this opinion.