_____

95-1768
_____

James W. Chambers,                    *
                                      *
        Appellant,                    *
                                      *
        v.                            *   Appeal from the United States
                                      *   District Court for the
Morgan Warren; Bill Rodgers;          *   Eastern District of Missouri
Rick Jones; William Kitchell;         *
Fred Johnson; Allen Luebbers;         *          [UNPUBLISHED]
Paul K. Delo; Dora B. Schriro,        *
                                      *
        Appellees.                    *

                          _____

            Submitted:    Sepember 12, 1995

                Filed:    December 1, 1995
                          _____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
                          _____


PER CURIAM.


        Missouri inmate James W. Chambers appeals from an order of the
district court[1] granting summary judgment in favor of defendant prison
officials in this 42 U.S.C. § 1983 action.  We affirm.


        Chambers filed two informal grievances against correctional officers
during July 1993.  One alleged that a correctional officer had stolen
photos of Chambers' wife from his cell and scratched his television.  In
the other Chambers claimed that a guard had set him up with a small
quantity of marijuana.  Chambers received conduct

_____

        [1]The Honorable Charles A. Shaw, United States District Judge
for the Eastern District of Missouri.

violations based on the content of the two grievance letters. The first violation was for giving false information and the second for insulting behavior. The defendant prison officials concluded Chambers was guilty in each instance based solely on the statements of the guards he had accused of wrongdoing. He was given suspended activity restrictions for each violation.

On appeal within the prison grievance system, both conduct violations were expunged in October 1993. In exchange, Chambers agreed in writing that the expunctions were the final resolutions of his grievances.

This federal court action had been filed a month earlier. Count I of the verified complaint alleged high-ranking prison officials had adopted an unwritten policy of allowing lower-ranking officials to retaliate against inmates by punishing them for filing grievances. Counts II and III alleged that the officers directly involved in the incidents described above knew or should have known they violated his rights to petition for redress by punishing him. Count IV stated that he had asked Paul Delo, superintendent of the Potosi Correctional Facility, to correct the constitutional violations and that he had refused. The district court granted summary judgment on all counts after concluding that Chambers had not presented evidence to create a genuine issue of material fact that the conduct violations were false.

On appeal, Chambers argues that his verified complaint alleged that the conduct violations were false. We need not reach the issue ruled on by the district court, however, because Chambers executed valid releases of his claims against the defendants in return for expunction of his violations. An inmate may settle his claims voluntarily like any other litigant. The statements signed by Chambers accepted the expunctions as the "final resolution to [his] complaint" and a "final resolution to [his] grievance." There is no evidence in the record to suggest he was coerced in any

way, and his federal court action was pending when he signed the agreements.

These facts are unlike those in <u>Dixon v. Brown</u>, 38 F.3d 379, 379 (8th Cir. 1994), in which prison officials unilaterally dismissed charges against an inmate after he alleged in a federal court action that they were filed in retaliation against him. Since injury inheres at the time a retaliatory charge is filed, the inmate's § 1983 action could not be mooted by the unilateral action of prison officials. <u>Id.</u> In this case, however, Chambers voluntarily released his claims and is therefore barred from pursuing this action.

Accordingly, the judgment of dismissal is affirmed.

A true copy.

    Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-