70 F.3d 1276
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
95-1768 James W. CHAMBERS, Appellant,
v.
Morgan WARREN; Bill Rodgers; Rick Jones; William
Kitchell; Fred Johnson; Allen Luebbers; Paul K.
Delo; Dora B. Schriro, Appellees.
 No. 95-1768.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 12, 1995.
Decided Dec. 1, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate James W. Chambers appeals from an order of the district court[1] granting summary judgment in favor of defendant prison officials in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Chambers filed two informal grievances against correctional officers during July 1993. One alleged that a correctional officer had stolen photos of Chambers' wife from his cell and scratched his television. In the other Chambers claimed that a guard had set him up with a small quantity of marijuana. Chambers received conduct violations based on the content of the two grievance letters. The first violation was for giving false information and the second for insulting behavior. The defendant prison officials concluded Chambers was guilty in each instance based solely on the statements of the guards he had accused of wrongdoing. He was given suspended activity restrictions for each violation.
 
 
 3
 On appeal within the prison grievance system, both conduct violations were expunged in October 1993. In exchange, Chambers agreed in writing that the expunctions were the final resolutions of his grievances.
 
 
 4
 This federal court action had been filed a month earlier. Count I of the verified complaint alleged high-ranking prison officials had adopted an unwritten policy of allowing lower-ranking officials to retaliate against inmates by punishing them for filing grievances. Counts II and III alleged that the officers directly involved in the incidents described above knew or should have known they violated his rights to petition for redress by punishing him. Count IV stated that he had asked Paul Delo, superintendent of the Potosi Correctional Facility, to correct the constitutional violations and that he had refused. The district court granted summary judgment on all counts after concluding that Chambers had not presented evidence to create a genuine issue of material fact that the conduct violations were false.
 
 
 5
 On appeal, Chambers argues that his verified complaint alleged that the conduct violations were false. We need not reach the issue ruled on by the district court, however, because Chambers executed valid releases of his claims against the defendants in return for expunction of his violations. An inmate may settle his claims voluntarily like any other litigant. The statements signed by Chambers accepted the expunctions as the "final resolution to [his] complaint" and a "final resolution to [his] grievance." There is no evidence in the record to suggest he was coerced in any way, and his federal court action was pending when he signed the agreements.
 
 
 6
 These facts are unlike those in Dixon v. Brown, 38 F.3d 379, 379 (8th Cir.1994), in which prison officials unilaterally dismissed charges against an inmate after he alleged in a federal court action that they were filed in retaliation against him. Since injury inheres at the time a retaliatory charge is filed, the inmate's Sec. 1983 action could not be mooted by the unilateral action of prison officials. Id. In this case, however, Chambers voluntarily released his claims and is therefore barred from pursuing this action.
 
 
 7
 Accordingly, the judgment of dismissal is affirmed.
 
 
 
 [1]
 The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri