United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2450
_____

Edward Allen Moore,                       *
                                          *
        Appellant,                        *
                                          *
    v.                                    *
                                          *
Clazona J. Hall; Roy Mueller; Julie       *
Davenport; Larry Buck; Lillie             *
Hopkins; Don Choate, Sr.; James           *
Foley; Shirley Vantreece; Kurt            *
Siegel; Bobby Vinson; Milton              *
Wright, Captain; Lori Hicks; R.           *   Appeal from the United States
Raftery; Jane Doe, Nurse; Jane            *   District Court for the
Roe, Nurse; John Doe, Dr.; John           *   Eastern District of Missouri.
Roe, Dr.; Doctor, At Regional             *
Hospital; Herbert L. Bernsen;             *        [UNPUBLISHED]
Lavert Morrow; Susan Werth,               *
Nurse; Jane Doe, Nurse; John              *
Doe, Nurse; Jane Doe, Dr.; John           *
Doe, Dr.; Mabel McKinney,                 *
Nurse; St. Louis County, Missouri;        *
St. Louis County Department of            *
Justice Services,                         *
                                          *
        Appellees.                        *

_____

Submitted:  August 21, 1997
Filed: August 29, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Edward A. Moore appeals the district court's orders granting defendants summary judgment on his 42 U.S.C. § 1983 and state law claims; and denying his motion to amend. We affirm in part and reverse and remand in part.

Moore filed this action against the St. Louis Department of Justice Services and several of its employees, St. Louis County, several employees of the St. Louis County Jail, and Regional Hospital and several of its employees,[1] alleging constitutional violations that occurred while he was a pretrial detainee at the jail. Moore alleged, inter alia, that on August 20, 1991, correctional officer Lori Hicks falsely charged him with violating a jail rule in retaliation for Moore's filing a grievance against Hicks, and that supervisory officers failed to train and supervise her. The district court found that because Moore did not show that he was disciplined for a false conduct violation, he could not state a claim for retaliation.

This court reviews a grant of summary judgment de novo, applying the same standard as the district court; summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam). Because Moore's motion to alter or amend the judgment was timely filed, he has preserved the underlying judgment for review. See Jackson v. Schoemehl, 788 F.2d 1296, 1298-99 (8th Cir. 1986).

---

[1]Moore later stipulated to dismissal of Regional Hospital and one of its employees, Dr. Marcos Nalagan.

-2-

Although defendants argue that being charged with an institutional violation does not implicate the Constitution absent any punishment, we have held that "the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance," and that when a false disciplinary charge is filed, the inmate "need not show a separate, independent injury as an element of his case." Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994). To avoid liability on a retaliatory discipline claim, "defendants must simply prove that there was 'some evidence' supporting their decision to discipline" the inmate. Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996). Moore testified that Hicks told him she was filing a charge against him because he had filed a grievance against her; defendants admit that Moore was not ultimately disciplined for the charge; and defendants failed to submit any evidence that the charge was valid or the motivation was not retaliatory. We find, therefore, that Moore presented sufficient evidence to survive summary judgment. We further find that Hicks is not entitled to qualified immunity on the claim, as the law at the time was clearly established that officers could not file false conduct violations against inmates in retaliation for an inmate's grievances. See Heidemann v. Rother, 84 F.3d 1021, 1028 (8th Cir. 1996) (qualified immunity standard); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of disciplinary charge actionable if in retaliation for inmate's filing of grievance). Because the district court dismissed this claim as to Hicks, it did not address whether the supervisory officials were liable for their policies and procedures. We thus remand this claim for further proceedings.

After dismissing Moore's federal claims, the district court declined to exercise supplemental jurisdiction over Moore's remaining state law assault claim because his federal claims were dismissed. Because the dismissal of the federal claims was the only reason given by the district court, we also remand Count V for the district court to determine whether it wishes to exercise supplemental jurisdiction.

After carefully reviewing the parties' submissions on appeal, we find that Moore's remaining claims lack merit for the reasons stated by the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.