# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3729EA

_____

| | | |
|---|---|---|
| Walter Bernard Farver, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United States |
| | * | District Court for the |
| L. Schwartz, A.R.O., Cummins Unit, | * | Eastern District of Arkansas. |
| Arkansas Department of Correction; | * | |
| M. D. Reed, Warden, Cummins Unit, | * | [To be Published] |
| Arkansas Department of Correction; | * | |
| James Duke, D.H.O., Arkansas | * | |
| Department of Correction; L. Pruitt, | * | |
| CO-I, Cummins Unit, Arkansas | * | |
| Department of Correction; Crystal | * | |
| Wood, Classification Officer, Cummins | * | |
| Unit, Arkansas Department of | * | |
| Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 31, 2001
Filed:  July 2, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Walter Farver appeals the District Court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 action. Farver claimed that Correction Officer L. Pruitt wrote him two false disciplinaries, the first to harass him, and the second because of grievances Farver had filed against Pruitt; both were dismissed as false. Farver also claimed that "A.R.O." L. Schwartz harassed Farver, causing him to file a grievance against her, and after he did so Ms. Schwartz came to his cell and ordered him to submit to a urine test. On the basis of the results of the urine test, Farver was found guilty of a rule violation, and he lost good-time credits and class. He also was denied a requested transfer because of his loss in class. Further, he was transferred 250 miles from his home after he questioned Ms. Schwartz's authority to deny him legal assistance. The District Court dismissed Farver's claims under Rule 12(b)(6), and he appeals.

Farver cannot seek restoration of his good-time credits or pursue other relief to remedy the effect of the urine-test disciplinary until it is set aside. See Preiser v. Rodriguez, 411 U.S. 475, 476-77, 500 (1973) (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus); cf. Edwards v. Balisok, 520 U.S. 641, 643, 646-48 (1997) (inmate cannot pursue § 1983 action based on allegations of bias and deceit by decisionmaker until disciplinary that resulted in loss of class and good time is invalidated by state tribunal or federal court).

The District Court also properly dismissed Farver's claim of retaliation based on the disciplinary, because it was supported by a report from staff and test results. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (finding that disciplinary is based on some evidence of violation "essentially checkmates" retaliation claim), cert. denied, 515 U.S. 1145 (1995). The Court further properly dismissed Farver's transfer-denial claim, because he alleged that the transfer was denied based on the results of his urine test. Cf. Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996) (to prevail on retaliatory-transfer claim, inmate must prove that desire to retaliate was motivating factor behind transfer).

The District Court erred, however, in dismissing Farver's claim that Pruitt wrote him a false disciplinary for filing grievances against him, even though the disciplinary was later dismissed. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of false disciplinary charge against inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievance pursuant to established procedures because such retaliation interferes with inmate's access to grievance procedure); cf. Dixon v. Brown, 38 F.3d 379, 379-80 (8th Cir. 1994) (inmate need not show separate, independent injury as element of retaliation case; district court improperly granted summary judgment on ground that disciplinary committee dismissed false disciplinary charge and inmate was not punished).

The District Court also erred in dismissing Farver's claim that he was transferred 250 miles from home after he questioned Ms. Schwartz's right to deny him legal assistance. See Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (act taken in retaliation for exercise of constitutionally protected right is actionable under § 1983 even if act would have been proper if taken for another reason).

Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.