**Noume BALTOSKI, Plaintiff,**

v.

**Sgt. PRETORIUS, Chaplain Babb, Sally Stevenson, Stanley Knight, Kim Maxwell, and Evelyn R. Turner, Defendants.**

**No. 3:03–CV–0529 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 23, 2003.

Noume Baltoski, pro se, Bunker Hill, IN, for Plaintiff.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Noume Baltoski, a prisoner confined in the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R.Civ.P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir.2000).

A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

■ Mr. Baltoski brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must satisfy two elements; he must allege violation of rights secured by the Constitution and laws of the United States, and he must show a person acting under color of law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

■ Mr. Baltoski, a practicing Muslim, alleges that Officer Pretorious searched his cell on February 23, 2003, and confiscated his prayer musk, stating that inmates are not allowed to possess musk oil, even though he showed Officer Pretorius the chaplain's approval for Mr. Baltoski to possess musk oil. Mr. Baltoski filed a grievance and was told that Muslims are allowed to possess musk oil in their cells. Shortly after filing his grievance, he alleges that Officer Pretorious retaliated by searching his cell three times a week. Mr. Baltoski complained to the other defendants without response.

■ Mr. Baltoski alleges that Officer Pretorious violated his First Amendment right to practice his religion. Prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al–Alamin v. Gramley,* 926 F.2d 680, 686 (7th Cir.1991). Security and economic concerns are legitimate penological demands. *Id.* at 686. To succeed on a First Amendment free exercise of religion claim, a prisoner must demonstrate that prison regulations are not "reasonably related" to a legitimate penological interest, *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Courts do not substitute their judgment for that of prison administrators

"in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these conditions." *Pell v. Procunier,* 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

■ "Fed.R.Civ.P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.), *cert. denied,* 525 U.S. 973, 119 S.Ct. 426, 142 L.Ed.2d 347 (1998). *quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Giving Mr. Baltoski the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that the confiscation of Mr. Baltoski's musk oil was reasonably related to a legitimate penological interest and did not infringe upon the First Amendment's free exercise clause.

■ Mr. Baltoski also alleges that Officer Pretorious retaliated against him for filing a grievances against him. To establish a retaliation claim, Mr. Baltoski must establish first, that he engaged in a constitutionally protected activity and second, that engaging in that activity was a substantial or motivating fact in the defendant's actions against him. *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Brookins v. Kolb,* 990 F.2d 308, 315 (7th Cir. 1993).

■ Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. *Sprouse v. Babcock,* 870 F.2d 450 (8th Cir.1989); *Dixon v. Brown,* 38 F.3d 379 (8th Cir.1994). To state a claim for retaliatory treatment, a complaint need only allege a chronology

of events from which retaliation may be inferred. *Geder v. Godinez*, 875 F.Supp. at 1338. Mr. Baltoski states a chronology of events from which retaliation might be inferred and giving him the benefit of the inferences to which he is entitled at the pleadings stage, his allegations are sufficient to survive dismissal at the pleadings stage.

 Finally, Mr. Baltoski alleges that defendants Babb, Stevenson, Knight, Maxwell, and Ridley–Turner violated his right to seek redress from the state by not responding to his complaints about Officer Pretorious. The right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy, *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill.1982).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Pretorious in his personal capacity for damages;

(2) DENIES the plaintiff leave to proceed against any other defendant and DISMISSES defendants Babb, Stevenson, Knight, Maxwell, and Turner from this case;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendant Pretorious respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Pretorious on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

IT IS SO ORDERED.