# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1311

_____

Napoleon Hartsfield,                         *
                                             *
         Appellant,                          *
                                             *    Appeal from the United States
    v.                                       *    District Court for the
                                             *    Southern District of Iowa.
Department of Corrections; Gary D.           *      [UNPUBLISHED]
Maynard, Director, Iowa Department           *
of Corrections; Warden Mathes;               *
Ronald G. Welder; John Spence; Col.          *
Emmett; Lt. Author Anderson; D. W.           *
Sperfslage; Louis Galloway; Debbie           *
Nichols; Anne Gehle, C/O; Charles            *
Harper; Charlie Hourihan; Waddell,           *
C/O; Sgt. Barnes; D. DeGrange; Case,         *
C/O; Inmate Peterson, #805282; John          *
Doe; Inmate Confidential Informant;          *
John and Jane Does, 1 through 8 sued         *
in their individual and official             *
capacities,                                  *
                                             *
         Appellees.                          *

_____

Submitted: July 30, 2004
    Filed: August 5, 2004

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Napoleon Hartsfield appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action. Hartsfield claimed that defendants denied him due process, equal protection, and free speech; retaliated against him for filing a grievance and administrative appeals; had a policy and practice of retaliating against inmates who exercised their free-speech rights, fabricating incident reports, and encouraging correctional officers to falsify log book entries; and conspired to violate his rights. The district court dismissed his claims under 28 U.S.C. § 1915(e)(2)(B).

We grant Hartsfield leave to proceed in forma pauperis on appeal, but deny his motion for appointment of counsel. Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we agree with the district court that Hartsfield failed to state a due process claim, as he has no liberty interest in a particular classification and his segregation did not impose an atypical and significant hardship, see Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Kennedy v. Blankenship, 100 F.3d 640, 642 n.2, 643 (8th Cir. 1996); cf. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (federal prisoner has no statutory or constitutional entitlement to classification). His equal protection claim also fails because he did not allege invidiously dissimilar treatment. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982-83 (8th Cir. 2004). Likewise, the allegations regarding certain policies and practices were too broad and conclusory to state a claim, and Hartsfield did not set out sufficient facts to support the conspiracy's existence. See Cooper v. Schriro, 189 F.3d 781, 785 (8th Cir. 1999) (per curiam); Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam).

For the most part, we also conclude that Hartsfield's free-speech and retaliation claims fail because he did not offer anything beyond conclusory allegations of retaliatory classification or show any violation of his First Amendment rights. See Cooper v. Schriro, 189 F.3d at 785. We conclude the district court erred, however,

in dismissing the claim that defendant Charlie Hourihan wrote a retaliatory misconduct report against Hartsfield. Hartsfield's allegations, which must be accepted as true at this stage, reflect that he engaged in no misconduct, that Hourihan wrote the false misconduct report after Hartsfield announced his intention to file a grievance against Hourihan, and that Hourihan did so because he knew the misconduct report would prevent the processing of the grievance. See Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts that would demonstrate entitlement to relief; complaint allegations are accepted as true and are construed in light most favorable to plaintiff); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing of false disciplinary charge against inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievance pursuant to established procedures, because such retaliation interferes with inmate's access to grievance procedure); cf. Royal v. Kautzky, No. 02-3446, 2004 WL 1574434, at *2 (8th Cir. July 15, 2004) (in retaliation case, holding 42 U.S.C. § 1997e(e) does not bar recovery of nominal and punitive damages, or declaratory and injunctive relief, even absent any compensable injury); Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (inmate need not show separate, independent injury as element of retaliation case; district court improperly granted summary judgment on ground that disciplinary committee dismissed false disciplinary charge and inmate was not punished).

Accordingly, we affirm the dismissal except as to the retaliatory-discipline claim against Hourihan; as to that claim, we remand for further proceedings consistent with this opinion.

_____