# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2398

_____

Corey Sanders,                                    *
                                                  *
            Appellant,                             *
                                                  *
      v.                                           *
                                                  *
Larry Norris, Director, Arkansas                   *
Department of Correction; James                    *
Gibson, Disciplinary Hearing Officer              *    Appeal from the United States
Administrator, Arkansas Department of             *    District Court for the
Correction; Gaylon Lay, Warden,                   *    Eastern District of Arkansas.
Cummins Unit, Arkansas Department                  *        [UNPUBLISHED]
of Correction; Lorie Taylor,                       *
Disciplinary Hearing Officer, Arkansas            *
Department of Correction; Mark                     *
Demeo, Dr., Redwood Lab; Jack                      *
Leissring, Dr., Redwood Lab.; Kelly               *
Beatty, Drug Testing Coordinator,                  *
Cummins Unit, ADC; K. E. Luckett,                 *
Assistant Warden, Cummins Unit,                    *
ADC,                                               *
                                                  *
            Appellees.                             *

_____

Submitted: October 4, 2005
Filed: November 2, 2005

_____

Before WOLLMAN, McMILLIAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Corey Sanders appeals the district court's pre-service dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Initially, we grant Sanders in forma pauperis status and leave the collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997) (per curiam).

Sanders alleged that he was found guilty of violating the prison's drug policy, after which his class status was reduced, he lost his prison job, and he was placed in punitive isolation for thirty days. The disciplinary conviction was later reversed. We agree with the district court that these allegations cannot form the basis for section 1983 relief. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review). Sanders does not have a constitutional right to a particular prison job or classification. See Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job); Hartsfield v. Dep't of Corr., 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interests in particular classification). Any violation of his due process rights in connection with the disciplinary conviction was vindicated by the reversal of the conviction. See Wycoff v. Nichols, 94 F.3d 1187, 1189 (8th Cir. 1996) (subsequent rehearing and reversal of prison disciplinary decision rectified denial of due process).

Sanders also alleged, however, that he had been transferred from the Cummins Unit, where he enjoyed many privileges, to the Maximum Security Unit at the Tucker, Arkansas facility. He alleged that he continued to be held in this unit, even though his disciplinary conviction had been reversed. The Supreme Court recently clarified that, in certain circumstances, an inmate transferred to and held indefinitely in a maximum security environment may enjoy certain due process protections. See Wilkinson v. Austin, 125 S. Ct. 2384 (2005). Because Sanders's complaint was dismissed pre-service, we do not know the precise nature and duration of Sanders's

confinement, and thus we cannot tell whether his situation is comparable to that of the inmates in <u>Wilkinson</u> and whether he may have a viable due process claim. Accordingly, we reverse as to this claim only, affirm in all other respects, and remand to the district court for further proceedings.

_____