# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2927

_____

David Williams,                              *
                                             *
      Plaintiff – Appellant,       *
                                             *  Appeal from the United States
      v.                           *  District Court for the
                                             *  Eastern District of Arkansas.
Scott Horner, Sgt., Varner Unit, ADC,        *
                                             *  [UNPUBLISHED]
      Defendant – Appellee.        *

_____

Submitted: December 18, 2009
Filed: November 30, 2010

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Williams, a prisoner, appeals the district court's pre-service dismissal of his 42 U.S.C. § 1983 action against Arkansas Department of Correction officer Scott Horner. We affirm in part, reverse in part, and remand to the district court for further proceedings.

Williams brought suit for damages pursuant to 42 U.S.C. § 1983 against Scott Horner, a corrections officer at the Varner Unit at the Arkansas Department of Correction, alleging violations of the First, Eighth, and Fourteenth Amendments. Williams, who was housed in a cell with a window, alleged that on five separate

occasions, on November 3 and 23, 2005, and January 10, April 24, and June 3, 2006, Horner refused to turn on the lights in Williams's cell at 7:00 a.m. as required by department policy. Williams alleges Horner improperly deprived him of artificial lighting in his cell during daylight hours for a total of approximately eight hours over the course of seven months.[1] Williams filed grievances against Horner for refusing to turn on the lights, securing statements from other inmates.

On June 3, 2006, while Horner was picking up dinner trays from the cells, Williams asked Horner for a cup of tea. In response, Williams alleges Horner demanded to read the latest grievance Williams had written against him. When Williams responded that he had not yet written it, Horner yelled that he was tired of the grievances Williams continued to file against him and proceeded to call Williams a snitch within the hearing of other inmates. Williams claims Horner then wrote up a false disciplinary report accusing Williams of failing to obey a staff order, creating unnecessary noise, insolence to a staff member, using abusive or obscene language toward a staff member, and assault. Williams alleges that while Horner was writing out the disciplinary charges, Horner said he was tired of Williams's grievances and was doing something about it. Williams claims the prison warden later advised Williams that the warden was going to dismiss the disciplinary report because he did not believe it was true.

Williams sought actual and punitive damages for the incidents involving his cell lights, claiming Horner impeded his ability to do legal work, in violation of Williams's First Amendment rights, and denied him a basic necessity of life in violation of the Eighth Amendment. Williams also claimed that by issuing a disciplinary charge in retaliation for filing grievances, Horner violated the First and Fourteenth Amendments, and that calling Williams a snitch subjected him to a substantial risk of harm by other inmates in violation of the Eighth Amendment.

---

[1]Williams alleged the cell lights were off on several other occasions, but it is only on these dates that Williams claimed Horner was responsible.

The magistrate recommended dismissing Williams's claims under 28 U.S.C. § 1915A. Over Williams's objection, the district court adopted the magistrate's recommendation and dismissed the complaint with prejudice for failure to state a claim on all counts. This appeal followed.

This court reviews de novo a section 1915A dismissal for failure to state a claim. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam).

The district court adopted the magistrate's recommendation to dismiss Williams's retaliatory discipline claim, finding Williams "was not disciplined and cannot establish the elements necessary to proceed on a retaliatory discipline claim" because the warden dismissed the disciplinary charges. However, in Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), we found it was error for a district court summarily to dismiss a claim for retaliatory discipline merely because the disciplinary charge was dismissed and the inmate was not punished. "Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance." Id. The government[2] argues the mere filing of a disciplinary charge is not sufficient to chill a person of ordinary firmness from exercising a constitutional right. However, we have consistently found the filing of a disciplinary action against an inmate, if done in retaliation for the inmate's use of the grievance procedure against prison staff, is allegation sufficient to survive dismissal at the pleading stage. See, e.g., Haynes v. Stephenson, 588 F.3d 1152, 1156 (8th Cir. 2009); Farver v. Schwartz, 255 F.3d 473, 475 (8th Cir. 2001); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

The district court also dismissed Williams's claim that Horner violated his constitutional rights by labeling him a "snitch." The district court analyzed the claim

---

[2]The government did not respond to Williams's original filing because the district court dismissed the complaint at the preservice stage. In the interest of judicial economy, we requested a limited response from the government on appeal.

as an Eighth Amendment claim, but Williams's complaint also clearly establishes the "snitch" incidents as part of Horner's alleged retaliation for the grievances filed against him. In either case, we have found that "to falsely label an inmate a snitch is to unreasonably subject that inmate to the threat of a substantial risk of serious harm at the hands of his fellow inmates" under the Eighth Amendment. Irving v. Dormire, 519 F.3d 441, 451 (8th Cir. 2008). Such allegations are therefore clearly sufficient to support an Eighth Amendment claim or a First Amendment retaliation claim at the pre-service analysis stage under 28 U.S.C. § 1915A.

With respect to Williams's First and Eighth Amendment claims regarding Horner's failure to turn on his cell lights, we summarily affirm the decision of the district court. See 8th Cir. R. 47B. However, we reverse the district court's dismissal of Williams's retaliatory discipline claim as well as Williams's Eighth Amendment claim and his First Amendment retaliation claim based on Horner's falsely labeling him a snitch in the hearing of other inmates, and we remand those claims for further proceedings.

COLLOTON, Circuit Judge, concurring in part and dissenting in part.

This appeal involves a claim by plaintiff David Williams, a prison inmate, that defendant Scott Horner, a correctional officer, violated Williams's constitutional rights by retaliating against Williams for exercising his right to freedom of speech under the First and Fourteenth Amendments. In this circuit, a plaintiff claiming unconstitutional retaliation must allege, as one element of the claim, that the defendant took adverse action that would "chill a person of ordinary firmness" from engaging in the protected activity. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2002); *Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002). We impose this requirement, because "it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to

deter a person of ordinary firmness from that exercise." *Naucke*, 284 F.3d at 928 (internal quotation omitted).

The court, however, effectively declares in this case that prisoners are exempt from the "ordinary firmness" requirement. In response to the State's argument that the mere filing of a disciplinary charge that is promptly dismissed by the prison warden would not chill a person of ordinary firmness from filing future grievances, the court asserts that "we have consistently found the filing of a disciplinary action against an inmate, if done in retaliation for the inmate's use of the grievance procedure against prison staff, is allegation sufficient to survive dismissal at the pleading stage." *Ante*, at 3 (citing *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009); *Farver v. Schwartz*, 255 F.3d 473, 475 (8th Cir. 2001); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)). But none of the cited authorities, including *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994), addresses whether the mere filing of a disciplinary action is sufficient to meet the "ordinary firmness" requirement. There is no circuit precedent on this point. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Other appellate courts have seen no reason to exempt prisoners from the normal rule. The Seventh Circuit recently concluded that a district court properly dismissed a prisoner's complaint alleging retaliation in the form of an unjustified disciplinary charge, which was later upgraded to a "major offense" but then dismissed, because the complaint was not sufficient to satisfy the "ordinary firmness" requirement. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009). Said the court: "A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis for a § 1983 action." *Id.* The First Circuit likewise concluded that where prison procedures offer inmates an opportunity to challenge disciplinary charges before neutral decisionmakers, a reasonable fact-finder could not conclude that "inmates of 'ordinary firmness' would be deterred from continuing to exercise their constitutional rights

merely because of the filing of a disciplinary charge carrying potentially severe sanctions." *Starr v. Dube*, 334 F. App'x 341, 343 (1st Cir. 2009); *see also Inst. Div. of Tex. Dept. of Crim. Just. v. Powell*, 318 S.W.3d 889, 893 (Tex. 2010) (holding that allegation that a correctional officer charged an inmate with a disciplinary infraction, with no resulting sanction, was insufficient to show an adverse action that "would chill or silence a person of ordinary firmness," and that inmate failed to state a retaliation claim under § 1983). *Cf. Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002) (holding over a dissent that prisoner's retaliation claim based on filing of a "major misconduct charge" that "subjected him to the risk of significant sanctions" was sufficient to "deter a person of ordinary firmness," such that claim survived summary judgment); *Zarska v. Higgins*, 171 F. App'x 255, 259-60 (10th Cir. 2006) (holding that a correctional officer's filing of an allegedly retaliatory disciplinary charge that was later dismissed after hearing was sufficient to "chill a person of ordinary firmness," such that prisoner stated a claim under § 1983).

In this case, Williams alleges that Horner filed a retaliatory disciplinary charge against him on June 3, 2006. He further alleges that on June 7, 2006, he met with the prison's warden about the charge, that the warden said he did not believe the allegations against Williams, and that the warden said he was going to dismiss the disciplinary charge. For the reasons discussed in *Bridges* and *Starr*, Williams's allegation that Horner filed a single retaliatory charge, which the warden personally agreed to dismiss within four days of the charge, does not plausibly state a claim of retaliation that would deter an inmate of ordinary firmness from filing future prison grievances. I would therefore affirm the district court's dismissal of Williams's retaliation claim.

There is no reason that prisoners should be treated more favorably than everyone else who files an action alleging retaliation for the exercise of First Amendment rights. Circuit precedent does not dictate such a result. If anything, our decisions in *Lewis*, 486 F.3d at 1028-29, and *Revels v. Vincenz*, 382 F.3d 870, 876

-6-

(8th Cir. 2004), appear to call for application of the "ordinary firmness" requirement to prisoner complaints.  Nonetheless, the court treats as settled the proposition that a prisoner's allegation that a correctional officer filed a disciplinary charge in retaliation for use of the prison grievance procedure is automatically sufficient to state a claim under § 1983.  That rule should be reconsidered.[3]

---

[3]I concur in the court's decision to affirm the district court's dismissal of Williams's claim based on Horner's failure to turn off his cell lights. *Ante*, at 4.  I also concur in the court's reversal of the judgment on Williams's Eighth Amendment claim, because some allegations suggest that Horner loudly labeled Williams a "snitch" in a manner that implied to the prison population that Williams informed on other inmates, and because Williams alleged emotional distress and psychological injury resulting from Horner's conduct. *See Irving v. Dormire*, 519 F.3d 441, 451 (8th Cir. 2008).  But insofar as Williams alleges only that Horner called him a "snitch" *for filing grievances against a correctional officer*, and that the inmates who heard the exchange so understood it, *see* App. 35-36, Williams does not state a claim.  There is no authority holding that an inmate faces a substantial risk of serious harm because other inmates know that he has filed grievances (i.e., "snitched") *against correctional officers for alleged mistreatment of inmates*.