PER CURIAM.
David Williams, a prisoner, appeals the district court’s pre-service dismissal of his 42 U.S.C. § 1983 action against Arkansas Department of Correction officer Scott Horner. We affirm in part, reverse in part, and remand to the district court for further proceedings.
Williams brought suit for damages pursuant to 42 U.S.C. § 1983 against Scott Horner, a corrections officer at the Varner Unit at the Arkansas Department of Correction, alleging violations of the First, Eighth, and Fourteenth Amendments. Williams, who was housed in a cell with a window, alleged that on five separate occasions, on November 3 and 23, 2005, and January 10, April 24, and June 3, 2006, Horner refused to turn on the lights in Williams’s cell at 7:00 a.m. as required by department policy. Williams alleges Horner improperly deprived him of artificial lighting in his cell during daylight hours for a total of approximately eight hours over the course of seven months.[1] Williams filed grievances against Horner for refusing to turn on the lights, securing statements from other inmates.
On June 3, 2006, while Horner was picking up dinner trays from the cells, Williams asked Horner for a cup of tea. In response, Williams alleges Horner demanded to read the latest grievance Williams had written against him. When Williams responded that he had not yet written it, Horner yelled that he was tired of the grievances Williams continued to file against him and proceeded to call Williams *140 a snitch within the hearing of other inmates. Williams claims Horner then wrote up a false disciplinary report accusing Williams of failing to obey a staff order, creating unnecessary noise, insolence to a staff member, using abusive or obscene language toward a staff member, and ¿ssault. Williams alleges that while Horner was writing out the disciplinary charges, Horner said he was tired of Williams’s grievances and was doing something about it. Williams claims the prison warden later advised Williams that the warden was going to dismiss the disciplinary report because he did not believe it was true.
Williams sought actual and punitive damages for the incidents involving his cell lights, claiming Horner impeded his ability to do legal work, in violation of Williams’s First Amendment rights, and denied him a basic necessity of life in violation of the Eighth Amendment. Williams also claimed that by issuing a disciplinary charge in retaliation for filing grievances, Horner violated the First and Fourteenth Amendments, and that calling Williams a snitch subjected him to a substantial risk of harm by other inmates in violation of the Eighth Amendment.
The magistrate recommended dismissing Williams’s claims under 28 U.S.C. § 1915A. Over Williams’s objection, the district court adopted the magistrate’s recommendation and dismissed the complaint with prejudice for failure to state a claim on all counts. This appeal followed.
This court reviews de novo a section 1915A dismissal for failure to state a claim. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir.1999) (per curiam).
The district court adopted the magistrate’s recommendation to dismiss Williams’s retaliatory discipline claim, finding Williams “was not disciplined and cannot establish the elements necessary to proceed on a retaliatory discipline claim” because the warden dismissed the disciplinary charges. However, in Dixon v. Brown, 38 F.3d 379 (8th Cir.1994), we found it was error for a district court summarily to dismiss a claim for retaliatory discipline merely because the disciplinary charge was dismissed and the inmate was not punished. “Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate’s filing of a grievance.” Id. The government[2] argues the mere filing of a disciplinary charge is not sufficient to chill a person of ordinary firmness from exercising a constitutional right. However, we have consistently found the filing of a disciplinary action against an inmate, if done in retaliation for the inmate’s use of the grievance procedure against prison staff, is allegation sufficient to survive dismissal at the pleading stage. See, e.g., Haynes v. Stephenson, 588 F.3d 1152, 1156 (8th Cir.2009); Farver v. Schwartz, 255 F.3d 473, 475 (8th Cir.2001); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989).
The district court also dismissed Williams’s claim that Horner violated his constitutional rights by labeling him a “snitch.” The district court analyzed the claim as an Eighth Amendment claim, but Williams’s complaint also clearly establishes the “snitch” incidents as part of Horner’s alleged retaliation for the grievances filed against him. In either case, we have found that “to falsely label an inmate *141 a snitch is to unreasonably subject that inmate to the threat of a substantial risk of serious harm at the hands of his fellow inmates” under the Eighth Amendment. Irving v. Dormire, 519 F.3d 441, 451 (8th Cir.2008). Such allegations are therefore clearly sufficient to support an Eighth Amendment claim or a First Amendment retaliation claim at the pre-service analysis stage under 28 U.S.C. § 1915A.
With respect to Williams’s First and Eighth Amendment claims regarding Horner’s failure to turn on his cell lights, we summarily affirm the decision of the district court. See 8th Cir. R. 47B. However, we reverse the district court’s dismissal of Williams’s retaliatory discipline claim as well as Williams’s Eighth Amendment claim and his First Amendment retaliation claim based on Horner’s falsely labeling him a snitch in the hearing of other inmates, and we remand those claims for further proceedings.

. Williams alleged the cell lights were off on several other occasions, but it is only on these dates that Williams claimed Homer was responsible.

. The government did not respond to Williams’s original filing because the district court dismissed the complaint at the preservice stage. In the interest of judicial economy, we requested a limited response from the government on appeal.