[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11454
Non-Argument Calendar

_____

D. C. Docket No. 03-01042-CV-J-25-MMH

EDDIE LAREECE PITTMAN,

Plaintiff-Appellant,

versus

OFC. TUCKER,
NFRC West, et al.,

Defendants,

TERRY SVIR,
Capt. of NFRC West,
GINGER PARKER,
Ofc. of NFRC West,
DOUGLAS BARNETTE,
Sgt. (retired),
MELVIN EBERLE,
Ofc. of NFRC Main,
ARCHIE CLEMONS,
Lt. of NFRC Main, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(January 9, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Eddie Lareece Pittman, a former Florida prisoner proceeding *pro se*, appeals the district court's entry of summary judgment in favor of four defendant officers in this 42 U.S.C. § 1983 civil action. Pittman alleges that officers of the North Florida Reception Center ("NFRC") violated his First Amendment rights. Pittman contends that his affidavits provide direct knowledge of adverse actions taken against him for filing grievances. More specifically, he argues that Captain Terry Svir and Lieutenant Archie Clemons used threats of physical violence in order to deter him from filing grievances. Pittman also contends that Lieutenant Clemons, Sergeant Kevin Graham, and Sergeant Johnny Jerry threatened him with future disciplinary actions that caused him significant distress. Lastly, Pittman contends that Captain Svir, Sergeant Graham, and Lieutenant Clemons caused disciplinary actions to be taken against him in an effort to deter him from filing grievances.

2

The officers argue that Pittman's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87, 114 S. Ct. at 2372. If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must be dismissed as premature. *Id.* at 487, 114 S. Ct. at 2372. Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Supreme Court has applied the *Heck* analysis to claims made by prisoners challenging prisoner disciplinary actions. *See Edwards v. Balisok*, 520 U.S. 641, 643-49, 117 S. Ct. 1584, 1586-89 (1997). However, *Heck* is not categorically applicable to all suits challenging prison disciplinary actions. *See Muhammad v. Close*, 540 U.S. 749, 754, 124 S. Ct. 1303, 1306 (2004).

3

In *Muhammad*, a prisoner filed a § 1983 action against a prison official, alleging that the official had charged him with threatening behavior and subjected him to mandatory prehearing lockup in retaliation for prior lawsuits and grievance proceedings the prisoner had filed against the prison official. *Id.* at 753, 124 S. Ct. at 1305. The district court entered summary judgment in favor of the prison official, holding that the prisoner failed to come forward with sufficient evidence of retaliation. *Id.* The Sixth Circuit upheld the dismissal of the suit on different grounds. The court concluded that the action was barred by *Heck*. *Id.* at 753, 124 S. Ct. at 1306. The Supreme Court reversed, holding that because the magistrate judge expressly found no good-time credits were affected by the actions challenged in the law suit, the prisoner's § 1983 claims could not be "construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence." *Id.* at 754-55, 124 S. Ct. at 1306.

Here, Pittman's complaint does not seek to challenge the validity of his underlying conviction, and it does not seek to affect the time he would serve related to his conviction. Although Pittman does claim officers retaliated against him by filing a false disciplinary report and placing him in confined management, there is no indication that these disciplinary actions affected his sentence. Moreover, the defendants do not assert that the disciplinary actions affected the

4

length of Pittman's sentence. Accordingly, we hold that Pittman's claims are not *Heck*-barred because there is no indication that a judgment in his favor would necessarily imply the invalidity of his conviction or his sentence.

We review a district court's entry of summary judgment on a § 1983 claim *de novo*. *Patrick v. Floyd Med. Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact. *Bennett v. Hendrix*, 423 F.3d 1247, 1249-50 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 37 (2006). A fact is genuine if the record, taken as a whole, could lead a trier of fact to find for the nonmoving party. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). To raise a genuine issue of material fact, allegations in affidavits must be based on personal knowledge, and not based, even in part, "upon information and belief." *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002). "All evidence and reasonable factual inferences drawn therefrom are reviewed in the light most favorable to the party opposing the motion." *Warren v. Crawford*, 927 F.2d 559, 561-62 (11th Cir. 1991).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

5

Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). We have held that § 1983 claimants must allege facts in support of their claims with some specificity. *Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir. 1998). A mere "scintilla" of evidence that supports the nonmoving party's position with respect to a motion for summary judgment is not sufficient. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

In *Bennett*, we adopted a three-part test for determining whether a plaintiff has an actionable First Amendment retaliation claim. *See Bennett*, 423 F.3d at 1250-51. Under the test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech. *Id.* at 1250. We held that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Id.* at 1254. Accordingly, we explained that a plaintiff need not show that his own exercise of First Amendment rights have been chilled, but instead a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of

6

ordinary firmness from exercising his First Amendment rights. *Id.* at 1254-55. We further held that a jury could find that the prolonged campaign of harassment alleged by the plaintiffs in that case could have such a chilling effect. *Id.*

Despite the district court's findings, we conclude that if one makes all inferences in favor of Pittman, Captain Svir's statement could be interpreted as a threat that prison officials, not other inmates, would do "something drastic" if Pittman continued to file grievances. Under such a reading, prong one of *Bennett* would be satisfied because of the discussion related to Pittman's filing of a grievance, which was a constitutionally protected activity. In addition, prong three was satisfied because it is reasonable to discern that the threat was intended to deter Pittman's filing of a grievance.

The remaining issue is not whether Svir carried out the threat, but whether the alleged threat itself was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. We conclude that a reasonable jury could find that the threat, if made, was sufficient to deter a person of ordinary firmness from filing additional grievances. Even though the threat was not made as part of a "prolonged campaign of harassment," the statement was likely to have a deterrent effect because Captain Svir held a position of significant authority and his job involved reviewing grievances. Further, "something drastic" could easily be

7

interpreted by an inmate as a threat of physical violence, either directly or thru deliberate inattention.

As for Pittman's allegations that Sergeant Clemons told him to, "Learn to play the game or have a boot put in your ass," this statement may not have been meant literally, but it could be interpreted as a threat of physical violence. Although Pittman failed to provide any evidence that would support his allegation that Clemons intercepted his letter to the institutional inspector, Clemons stated during the conversation that he [Pittman] would continue to "catch DR after DR" and eventually be put in close management confinement if he continued to file grievances. Therefore, if the initial threat is examined in the broader context of the conversation, a reasonable jury could find that, "play[ing] the game" meant not filing additional grievances. Accordingly, a reasonable jury could find that there was a threat of possible violence that could deter a person of ordinary firmness from filing additional grievances.

In summary, we conclude that a reasonable jury could interpret the statements made by Captain Svir and Sergeant Clemons to be threats of physical violence that could deter a person of ordinary firmness from filing grievances, and,

therefore, we hold that the district court erred in granting summary judgment to these two defendants regarding these claims of retaliation.[1]

Concerning the verbal threats of future disciplinary actions, the record indicates that before a prisoner was assigned to confined management due to a disciplinary issue, a multi-step review was conducted. Specifically, after the disciplinary report was filed, a classification officer would review the situation and decide whether to submit a request to change the inmate's custody. The prisoner would then have the opportunity to plead his case to a four or five member classification team or committee. If the committee decided to change the classification from minimum to medium custody, then, before such a decision could be finalized, it was reviewed by a state classification officer who had final authority on all custody changes.

Pittman has provided no evidence that would indicate that a reasonable person would believe he would not receive a fair review by the classification committee or a state classification officer if a false disciplinary report was filed. When Pittman was given the opportunity to explain his side during one

---

[1] Pittman also argues that Clemons arranged for him to be physically abused when he was returned to confinement. The only support he provides for this allegation is his account of a conversation with another officer who told him that he had stopped the officers from carrying out the plan. Because inadmissible hearsay generally cannot be considered on a motion for summary judgment, the district court was correct in finding that this claim could not survive summary judgment. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999).

disciplinary investigation, he refused to give a written statement, and he said that he would only discuss the matter with the head inspector. Thus, there is no evidence before us to indicate that, had Pittman explained his side, the classification officers and classification committee would have resolved the proceedings based solely upon the officer's allegedly false disciplinary report. Without more, we cannot conclude that a person of ordinary firmness would be deterred from exercising his First Amendment rights because Pittman has not shown that challenging a disciplinary report during the multi-step investigatory process would be futile.

Further, Pittman's allegation that the confrontation with Captain Svir regarding the grievance "led to a long string of [retaliatory] [a]cts" is merely conclusory. The causal connection between Captain Svir's comments and Pittman's eventual confinement is too tenuous to survive a motion for summary judgment.

We also conclude that Pittman's allegations of a conspiracy between Sergeants Graham, Clemons, and Davis must fail because Pittman has not shown that a person of ordinary firmness would be deterred from filing grievances, even if threatened with a false disciplinary report, given the multi-step investigatory process. In addition, Pittman's claims regarding the conspiracy were inconsistent with his statements during the investigatory proceedings because, there, he stood

10

mute in the face of the allegations against him and gave the classification committee no choice but to recommend confinement.

Accordingly, we vacate the district court's entry of summary judgment in favor of Captain Svir and Sergeant Clemons regarding Pittman's claims of retaliation based on threats of future violence, and remand the case for further proceedings on those claims. We affirm the district court's judgment on all other claims.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**