Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1322

DARREN F. STARR,

Plaintiff, Appellant,

v.

DENIS DUBE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Darren Starr on brief pro se.
Glenn A. Perlow, Assistant Attorney General, and Kelly A. Ayotte, Attorney General, on brief for appellees.

June 24, 2009

**Per Curiam**.  In his 42 U.S.C. § 1983 suit, pro se New Hampshire state inmate Darren Starr sued certain prison employees or officials, alleging that a false disciplinary charge was filed against him and that a destructive search was made of his cell in retaliation for his exercise of First Amendment rights.  In an Order dated December 7, 2007, the district court granted defendants' motion for summary judgment on the retaliation claim based on the disciplinary charge.  Subsequently, a trial was held on the cell search retaliation claim, and, on February 6, 2008, the jury returned a special verdict against Starr.  On February 7, 2008, the district court issued judgment in defendants' favor, and Starr filed this appeal.

On appeal, Starr objects to the district court's summary judgment decision and to certain of its trial-related rulings.  We affirm the district court's judgment in favor of the defendants for the following reasons.

1.  Starr objects to the district court's pretrial ruling denying his request for a subpoena to obtain the testimony of a certain corrections officer at trial.  He also  argues that the district court erroneously instructed the jury as to his burden of proof on one element of his retaliation claim.  After careful review of the record and the parties' appellate contentions, however, we conclude that the district court did not abuse its discretion in denying Starr's motion for a subpoena, or err in the

-2-

jury instruction it gave.  See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) ("Plaintiff must prove that he would not have been transferred 'but for' the [retaliatory] reason.").

2.  Starr contends that the district court's summary judgment decision was erroneous.  We review that decision de novo, evaluating whether there is any genuine issue as to a material fact and whether defendants were entitled to judgment as a matter of law.  Scottsdale Ins. Co. v. Torres, 561 F.3d 74, 77 (1st Cir. 2009).

The disciplinary charge against Starr was dismissed about a week after it was filed.  At the disciplinary hearing, the hearing officer agreed with Starr's argument that the investigation of the charge had been improper.  Starr received no discipline or other sanction due to the filing of the disciplinary charge.

Based on the above undisputed facts, the district court held, as a matter of law, that the adverse act alleged was "de minimis" and thus did not give rise to a cognizable retaliation claim under § 1983.  The court relied on the reasoning in Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038 (2006), where the circuit court adopted the standard used in other circuits for evaluating the sufficiency of a particular adverse act alleged by a prisoner raising a retaliation claim.  Under that standard, an adverse act is not de minimis if it "would chill or silence a person of ordinary firmness from future First Amendment

activities."  Applying the standard, the Fifth Circuit found that certain adverse acts would be de minimis--acts that cause an inmate only a "few days of discomfort," impose "a [single] minor sanction," or impose an otherwise constitutional restriction on the inmate.  449 F.3d at 685-86 (mentioning the facts in that case and prior circuit cases).  As the district court pointed out, filing a disciplinary charge that is dismissed constitutes an adverse act that is "less substantial than the least substantial de minimis act identified by the Morris court."

On appeal, Starr accepts that his retaliation claim must be premised on an adverse act of a kind that would deter persons of "ordinary firmness" from exercising their constitutional rights in the future.  He argues that the filing of the disciplinary charge against him met that standard because it exposed him to maximum penalties that included punitive segregation and a loss of good time credits.  There is case law in his favor.  Brown v. Crowley ("Brown"), 312 F.3d 782, 789 (6th Cir. 2002) (majority decision), cert. denied, 540 U.S. 823 (2003) (a reasonable jury could find that filing a retaliatory charge exposing an inmate to a "risk of significant sanctions" could deter persons of "ordinary firmness" from exercising their rights); Zarska v. Higgins, 171 Fed. Appx. 255, 259-60 (10th Cir. 2006) (unpublished decision) (filing retaliatory disciplinary proceedings "would chill a person of ordinary firmness" from future exercise of his or her rights)

(citation omitted); cf. Dixon v. Brown, 38 F.3d 379, 379-80 (8th Cir. 1994) (a prisoner who has presented evidence that a "false" disciplinary charge was filed for retaliatory reasons does not have to "show a separate, independent injury").

We do not find the reasoning in the above cases to be persuasive on the facts of this case. As a prison policy directive contained in the record indicates, Starr was entitled to several opportunities to present his version of the facts to neutral decisionmakers. Indeed, at his disciplinary hearing, he successfully obtained dismissal of the charge against him after pointing out the irregularity in the prison's investigation of the charge. Starr has not contended that it would be futile for inmates at his prison to try to defend themselves against retaliatory disciplinary charges.

The procedures in the prison policy directive serve to protect inmates from the threat of punishment that is posed by a retaliatory disciplinary charge. On the facts here, we cannot say that a reasonable fact-finder could conclude that inmates of "ordinary firmness" would be deterred from continuing to exercise their constitutional rights merely because of the filing of a disciplinary charge carrying potentially severe sanctions. See Pittman v. Tucker, 213 Fed. Appx. 867, 871-72 (11th Cir. 2007) (unpublished per curiam) (the court "could not conclude that a person of ordinary firmness would be deterred from exercising his

First Amendment rights" where inmates could defend themselves against a charge before being disciplined and there was no evidence or claim that it would be futile to attempt a defense); accord Brown, supra, 321 F.3d at 801-02 (dissenting opinion by Rosen, D.J., sitting by designation).  See also Morris, supra; Gill v. Tuttle, 93 Fed. Appx. 301, 303-04 (2d Cir. 2004) (unpublished) (to survive a summary judgment motion, an inmate must allege an adverse action that imposes a "substantial" impact on an inmate) (by implication); Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) (a "single [allegedly unjustified] retaliatory charge that is later dismissed is insufficient to serve as the basis of a § 1983 action").

Affirmed.