COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
This appeal involves a claim by plaintiff David Williams, a prison inmate, that defendant Scott Horner, a correctional officer, violated Williams’s constitutional rights by retaliating against Williams for exercising his right to freedom of speech under the First and Fourteenth Amendments. . In this circuit, a plaintiff claiming unconstitutional retaliation must allege, as one element of the claim, that the defendant took adverse action that would “chill a person of ordinary firmness” from engaging in the protected activity. Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir.2007); Naucke v. City of Park Hills, 284 F.3d 923, 928 (8th Cir.2002). We impose this requirement, because “it would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.” Naucke, 284 F.3d at 928 (internal quotation omitted).
The court, however, effectively declares in this case that prisoners are exempt from the “ordinary firmness” requirement. In response to the State’s argument that the mere filing of a disciplinary charge that is promptly dismissed by the prison warden would not chill a person of ordinary firmness from filing future grievances, the court asserts that “we have consistently found the filing of a disciplinary action against an inmate, if done in retaliation for the inmate’s use of the grievance procedure against prison staff, is allegation sufficient to survive dismissal at the pleading stage.” Ante, at 140 (citing Haynes v. Stephenson, 588 F.3d 1152, 1156 (8th Cir.2009); Farver v. Schwartz, 255 F.3d 473, 475 (8th Cir.2001); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989)). But none of the cited authorities, including Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), addresses whether the mere filing of a disciplinary action is sufficient to meet the “ordinary firmness” requirement. There is no circuit precedent on this point. See Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925) (“Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.”).
Other appellate courts have seen no reason to exempt prisoners from the normal rule. The Seventh Circuit recently concluded that a district court properly dismissed a prisoner’s complaint alleging retaliation in the form of an unjustified disciplinary charge, which was later upgraded to a “major offense” but then dismissed, because the complaint was not sufficient to satisfy the “ordinary firmness” requirement. Bridges v. Gilbert, *142 557 F.3d 541, 555 (7th Cir.2009). Said the court: “A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis for a § 1983 action.” Id. The First Circuit likewise concluded that where prison procedures offer inmates an opportunity to challenge disciplinary charges before neutral decisionmakers, a reasonable fact-finder could not conclude that “inmates of ‘ordinary firmness’ would be deterred from continuing to exercise their constitutional rights merely because of the filing of a disciplinary charge carrying potentially severe sanctions.” Starr v. Dube, 334 Fed.Appx. 341, 343 (1st Cir.2009); see also Inst. Div. of Tex. Dept. of Crim. Just. v. Powell, 318 S.W.3d 889, 893 (Tex.2010) (holding that allegation that a correctional officer charged an inmate with a disciplinary infraction, with no resulting sanction, was insufficient to show an adverse action that “would chill or silence a person of ordinary firmness,” and that inmate failed to state a retaliation claim under § 1983). Cf. Brown v. Crowley, 312 F.3d 782, 789 (6th Cir.2002) (holding over a dissent that prisoner’s retaliation claim based on filing of a “major misconduct charge” that “subjected him to the risk of significant sanctions” was sufficient to “deter a person of ordinary firmness,” such that claim survived summary judgment); Zarska v. Higgins, 171 Fed.Appx. 255, 259-60 (10th Cir.2006) (holding that a correctional officer’s filing of an allegedly retaliatory disciplinary charge that was later dismissed after hearing was sufficient to “chill a person of ordinary firmness,” such that prisoner stated a claim under § 1983).
In this case, Williams alleges that Horner filed a retaliatory disciplinary charge against him on June 3, 2006. He further alleges that on June 7, 2006, he met with the prison’s warden about the charge, that the warden said he did not believe the allegations against Williams, and that the warden said he was going to dismiss the disciplinary charge. For the reasons discussed in Bridges and Starr, Williams’s allegation that Horner filed a single retaliatory charge, which the warden personally agreed to dismiss within four days of the charge, does not plausibly state a claim of retaliation that would deter an inmate of ordinary firmness from filing future prison grievances. I would therefore affirm the district court’s dismissal of Williams’s retaliation claim.
There is no reason that prisoners should be treated more favorably than everyone else who files an action alleging retaliation for the exercise of First Amendment rights. Circuit precedent does not dictate such a result. If anything, our decisions in Lewis, 486 F.3d at 1028-29, and Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004), appear to call for application of the “ordinary firmness” requirement to prisoner complaints. Nonetheless, the court treats as settled the proposition that a prisoner’s allegation that a correctional officer filed a disciplinary charge in retaliation for use of the prison grievance procedure is automatically sufficient to state a claim under § 1983. That rule should be reconsidered.[3]

. I concur in the court's decision to affirm the district court’s dismissal of Williams’s claim based on Horner’s failure to turn off his cell lights. Ante, at 140-41. I also concur in the court’s reversal of the judgment on Williams's Eighth Amendment claim, because some allegations suggest that Horner loudly labeled Williams a "snitch” in a manner that implied *143 to the prison population that Williams informed on other inmates, and because Williams alleged emotional distress and psychological injury resulting from Horner's conduct. See Irving v. Dormire, 519 F.3d 441, 451 (8th Cir.2008). But insofar as Williams alleges only that Homer called him a "snitch" for filing grievances against a correctional officer, and that the inmates who heard the exchange so understood it, see App. 35-36, Williams does not state a claim. There is no authority holding that an inmate faces a substantial risk of serious harm because other inmates know that he has filed grievances (i.e., "snitched”) against correctional officers for alleged mistreatment of inmates.