**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 10-1443

JOSEPH POPE,

Plaintiff, Appellant,

v.

MARK BERNARD, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

---

Before

Torruella, Lipez and Howard,
Circuit Judges.

---

Joseph Pope on brief pro se.
Nancy Ankers White, Special Assistant Attorney General, and Joan T. Kennedy, on brief for appellees.

---

February 10, 2011

---

**Per Curiam**.  Appellant Joseph Pope filed an action, primarily based on 42 U.S.C. § 1983, against various prison officials and the attorney who was representing these officials. The district court granted summary judgment to the officials and dismissed appellant's complaint against the attorney.  We affirm both decisions for essentially the reasons given by the court in the two relevant Orders (docket # 104 and # 71), adding only the following comments.

Summary judgment was appropriate on appellant's claim that the manner in which his first Kufi had been seized had exposed him to danger in violation of the Eighth Amendment.  That is, appellant was required, among other things, to submit objective evidence showing that the seizure had posed "a substantial risk of serious harm."  Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, the only evidence in this regard is appellant's subjective statement that he had feared that an inmate insurrection might occur as a result of the seizure, and this simply is not enough to make out an Eighth Amendment violation.

Summary judgment also was appropriate on appellant's claim that the seizure of his Kufi was not accomplished pursuant to the applicable state regulations and thus violated due process. The problem with this claim is that the seizure of the Kufi must be considered to have been "unauthorized" -- having been allegedly taken in contravention of the regulations -- and it is well-settled

that actions which cannot be controlled in advance do not constitute a due process violation "until and unless [the State] . . . refuses to provide a suitable postdeprivation remedy."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Since appellant nowhere even alleged, much less submitted facts showing, that Massachusetts does not provide such remedies, Hudson precludes this claim.

As for the claims against counsel, we will assume, without deciding, that absolute immunity does not apply to the allegations that she had ordered the search of appellant's cell and the seizure of a second Kufi found therein.  We nonetheless conclude that, even taking these allegations as true, the complaint in regard to these actions is "patently meritless and beyond all hope of redemption," and thus dismissal was warranted.  See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  We begin with appellant's retaliation claims and then turn to his other constitutional claims.

First, the courts to have addressed the issue have held that the Civil Rights of Institutionalized Persons Act, of which 42 U.S.C. § 1997d is a part, authorizing as it does the attorney general to initiate a suit, does not create a private right of action in favor of an individual.  See, e.g., Price v. Brittain, 874 F.2d 252, 262 (5th Cir. 1989); McRorie v. Shimoda, 795 F.2d 780, 782 n. 3 (9th Cir. 1986).

As for the Fourth Amendment, the Supreme Court has held that, since society is not prepared to recognize a prisoner's expectation of privacy in his or her cell, searches and seizures in such locations are not protected by that Amendment's proscription against unreasonableness.  Hudson, 468 U.S. at 525-26, 528 n.8.  Thus, in Hudson, the Court held that the Fourth Amendment did not provide a basis for the plaintiff's claims (1) that the search of his cell had been done solely for purposes of harassment and (2) that his property had been destroyed.  Id.  Given this, Hudson precludes Fourth Amendment challenges to prison cell searches and seizures taken for any reason, whether reasonable or not.  See Hanrahan v. Lane, 747 F.2d 1137, 1139 (7th Cir. 1984) (per curiam).

In regard to retaliation that violates the First Amendment, a prisoner, to succeed on such a claim, must establish, among other things, "a retaliatory adverse act" that is more than de minimis.  Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (internal quotation marks and citation omitted).  As explained in Morris, an act is not de minimis if it "would chill or silence a person of ordinary firmness from future First Amendment activities." Id. at 685-86 (internal quotation marks and citation omitted).  Under this standard, the courts have held that even the filing of a single, later-dismissed disciplinary charge against an inmate, even if taken with a retaliatory motive, is insufficient to qualify as more than de minimis.  See, e.g., Bridges v. Gilbert,

557 F.3d 541, 555 (7th Cir. 2009) (holding that "[a] single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action"); <u>Starr</u> v. <u>Dube</u>, 334 Fed. Appx. 341, 342-43 (1st Cir. 2009) (per curiam) (same). Here, appellant never even had a disciplinary charge filed against him regarding possession of the Kufi, and he had no privacy expectations in his cell under <u>Hudson</u>. Given this, any claim based on the search of appellant's cell and the seizure of his Kufi can only be described as <u>de minimis</u>.

As for the Eighth Amendment, appellant does not contest the district court's conclusion that the seizure of the first Kufi had not violated the Eighth Amendment as it had not resulted in the denial of "the minimal civilized measure of life's necessities." Order, at 5 (internal quotation marks and citation omitted) (docket # 104). This is binding, given the absence of any facts indicating that the second seizure was materially different than the first. The same conclusion also applies to the search of appellant's cell, especially as he has set out <u>no</u> facts describing the nature or scope of the search.

Appellant's claim under the due process clause similarly is deficient as he does not allege that either the search or the seizure were accomplished pursuant to established state procedures or policies. Thus, such actions cannot violate procedural due process unless there are no adequate postdeprivation remedies. <u>See</u>

Hudson, 468 U.S. at 533. However, and as with his due process claim against the other defendants, appellant simply nowhere alleges that such remedies are lacking, and absent such an allegation, dismissal is appropriate. See, e.g., Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 33 (1st Cir. 1996) (affirming the dismissal of the plaintiff's complaint where he failed to allege the absence of adequate postdeprivation remedies); Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 999-1000 (1st Cir. 1992) (same). In any event, it appears that public employees may be held personally liable for their intentional torts under Massachusetts law. See, e.g., Spring v. Geriatric Auth. of Holyoke, 475 N.E.2d 727, 734 n.9 (Mass. 1985).

This leaves appellant's equal protection claim. "In order to state a claim for discrimination that violates equal protection, [a plaintiff] must allege that he was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment." Toledo v. Sanchez, 454 F.3d 24, 34 (1st Cir. 2006). As with appellant's other claims against Kennedy, the allegation of an equal protection violation is completely conclusory. In particular, appellant nowhere claims that he was subject to the search and seizure based on his Muslim religion, and, more significantly, he nowhere alleges that his treatment differed from the treatment accorded to other prisoners. As such, the claim is meritless.

- 6 -

<u>Summarily affirmed</u>.  <u>See</u> Local Rule 27.0(c).